# Illinois Official Reports

## Supreme Court

***Lake Environmental, Inc. v. Arnold*, 2015 IL 118110**

| | |
|---|---|
| Caption in Supreme Court: | LAKE ENVIRONMENTAL, INC., Appellee, v. DAMON T. ARNOLD, Director of Public Health, *et al.*, Appellants. |
| Docket No. | 118110 |
| Filed | September 24, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the Fifth District; heard in that court on appeal from the Circuit Court of St. Clair County, the Hon. Stephen McGlynn, Judge, presiding. |
| Judgment | Appellate court judgment reversed.<br>Cause remanded. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield (Carolyn E. Shapiro, Solicitor General, and Linda Boachie-Ansah and Laura Wunder, Assistant Attorneys General, of Chicago, of counsel), for appellants.<br><br>David L. Antognoli, of Goldenberg Heller Antognoli & Rowland, P.C., of Edwardsville, for appellee. |
| Justices | CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.<br>Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

¶ 1      After years of protracted litigation, Lake Environmental, Inc., filed a motion for sanctions against the Illinois Department of Public Health (Department) and its director, Damon Arnold,[1] in his official capacity, pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). After a hearing, the circuit court of St. Clair County denied the motion. The court provided no explanation for its decision. The circuit court also denied Lake Environmental's motion for reconsideration on the issue. On review, the appellate court concluded that the circuit court erred by failing to provide an explanation of its decision to deny the motion for sanctions. 2014 IL App (5th) 130109. The appellate court thus remanded the case with instructions that the circuit court provide its reasoning for denying the motion. The Department appealed to this court, pursuant to Rule 315. Ill. S. Ct. R. 315 (eff. Jan. 1, 2015).

¶ 2                                 BACKGROUND

¶ 3      In 2008, the Department of Public Health issued an emergency stop work order to Lake Environmental based on alleged violations of the Department's regulations committed during an asbestos cleanup job at Scott Air Force Base. The Department also removed Lake Environmental's name from the list of state-approved asbestos abatement contractors. Several months later, the Department dismissed the stop work order proceedings voluntarily, after finding that the violations had been remedied.

¶ 4      In 2010, the Department notified Lake Environmental that it intended to revoke its asbestos abatement contractor license based on the alleged violations that occurred at the Scott Air Force Base job. The director of the Department, upon the recommendation of the administrative law judge, granted summary judgment for the Department and revoked Lake Environmental's license.

¶ 5      In the meantime, the Department filed a civil lawsuit against Lake Environmental seeking monetary penalties for the 2008 violations. The circuit court found that the Department should have sought such penalties during the 2008 administrative proceedings and granted summary judgment for Lake Environmental based on the doctrine of *res judicata*.

¶ 6      Lake Environmental then filed a petition for administrative review challenging the Department's decision to revoke its license. Lake Environmental argued that the attempt to revoke its license was barred by *res judicata* because the Department had voluntarily dismissed the emergency stop work order action. Alternatively, Lake Environmental argued that the Department lacked authority to seek revocation based on alleged violations of federal regulations. The circuit court granted summary judgment for Lake Environmental after concluding that the Department was barred under the doctrine of *res judicata* from revoking Lake Environmental's license based on the 2008 conduct at issue in the original emergency stop work order proceeding.

¶ 7      Lake Environmental then moved for sanctions based on its argument that the Department should have known that its claim would be barred by *res judicata* and thus that its continued

---

[1]Damon Arnold is no longer the director of the Department of Public Health. Therefore, the current director, LaMar Hasbrouck, has been substituted as a party by operation of law. 735 ILCS 5/2-1008(d) (West 2014).

defense against Lake Environmental's petition for administrative review violated Illinois Supreme Court Rule 137. Rule 137 requires that any pleading, motion, or other document filed in court be "well grounded in fact and *** warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," and not brought for any improper purpose. Ill. S. Ct. R. 137(a) (eff. July 1, 2013). The rule allows for a court, on motion or on its own initiative, to impose sanctions against a party or its attorney for violating these requirements. *Id.*

¶ 8 The circuit court held a hearing on the motion and issued an order stating only that the motion was denied. Rule 137 expressly requires that the circuit court provide an explanation of its decision any time it imposes sanctions under the rule. The rule does not address any such requirement when the court denies a motion for sanctions. Ill. S. Ct. R. 137(d). The circuit court also denied Lake Environmental's motion for reconsideration on the issue. Lake Environmental appealed. The appellate court, relying on Second District precedent, concluded that the circuit court must provide an explanation for its decision on a motion for sanctions pursuant to Rule 137, regardless of whether the sanctions are imposed or denied. 2014 IL App (5th) 130109, ¶ 7. In the absence of such an explanation, the appellate court found it could not review whether the denial of sanctions was proper and thus remanded the case to the circuit court with instructions that it provide an explanation for its decision. We allowed the Department's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 9                                                            ANALYSIS

¶ 10 Before this court, Lake Environmental argues that the appellate court's decision ought to be understood not as a ruling on the requirements of Rule 137, but as an exercise of the appellate court's authority under Rule 366. Rule 366 provides that the appellate court has authority to "enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment *** that the case may require." Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994). Lake Environmental asserts that the appellate court lacked a sufficient record upon which to determine whether the circuit court abused its discretion and therefore that it was not an abuse of the appellate court's discretion to remand the case to the circuit court.

¶ 11 However, it is clear from the language of the appellate court's decision that its holding was based solely on its interpretation of Rule 137. The court, in its written decision, reviewed and adopted the conclusions of several opinions from the Second District in which the appellate court has interpreted Rule 137 as requiring that circuit courts provide an explanation for their decisions on motions for sanctions, regardless of whether they allow or deny the motion. The appellate court made no reference to having reviewed the record and found it lacking. The opinion concludes: "Because the trial judge in the case at bar provided no explanation for his denial of sanctions, his order must be reversed and this cause remanded." 2014 IL App (5th) 130109, ¶ 9. Therefore, we find that the appellate court intended to interpret Rule 137 and concluded that circuit courts must always provide explanations for their decisions on motions for sanctions pursuant to Rule 137, regardless of whether they grant or deny such motions. We conclude now that this interpretation of Rule 137 is incorrect.

¶ 12 Supreme court rules are interpreted in the same manner as statutes, and this court reviews a lower court's interpretation of either *de novo*. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d

- 3 -

334, 342 (2007). Both are interpreted by ascertaining and giving effect to the intent of the drafter. *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 493 (2002). That intent is best understood by giving the language used its plain and ordinary meaning. *Id*. "When the language is clear and unambiguous, we will apply the language used without resort to further aids of construction." *Id.* This court will not insert words into its rules when the rule is otherwise "cogent and justifiable." *Waste Management of Illinois, Inc. v. Illinois Pollution Control Board*, 145 Ill. 2d 345, 348 (1991); see *People v. Roberts*, 214 Ill. 2d 106, 116 (2005) (noting that "a court may not inject provisions that are not found in a statute" and that the "rules of statutory construction also apply to interpretation of our supreme court rules"). Finally, because Rule 137 is penal in nature, it is narrowly construed. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 487 (1998).

¶ 13    Rule 137 provides that:

> "(a) *** Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record ***. A party who is not represented by an attorney shall sign his pleading, motion, or other document and state his address. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137(a) (eff. July 1, 2013).

Implicit in this rule is a requirement that " 'an attorney promptly dismiss a lawsuit once it becomes evident that it is unfounded.' " *American Service Insurance v. Miller*, 2014 IL App (5th) 130582, ¶ 13 (quoting *Rankin v. Heidlebaugh*, 321 Ill. App. 3d 255, 267 (2001)). If the rule is violated, the court may, upon motion or its own initiative, impose sanctions upon the individual who signed the filing, the represented party, or both. Ill. S. Ct. R. 137(a). This rule applies equally to agencies of the state, and the court can require one party to pay another party's costs incurred for administrative proceedings when review of an agency decision is at issue. Ill. S. Ct. R. 137(c). Subparagraph (d) requires that, "[w]here a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis for any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d).

¶ 14    This language is unambiguous. It requires the circuit court to provide an explanation when the court *imposes* sanctions. Nothing in the language of the rule implies that the court must also provide an explanation when it *denies* sanctions. If the drafters of the rule intended to impose such a requirement, they would have done so with specific language to that effect.

¶ 15    The requirement that the court provide an explanation only when imposing sanctions is in keeping with the purpose of Rule 137. The rule is designed to discourage frivolous filings, not to punish parties for making losing arguments. *In re Estate of Wernick*, 127 Ill. 2d 61, 77 (1989) (noting that the purpose of section 2-611 of the Code of Civil Procedure, the predecessor to Rule 137, was to "penalize the litigant who pleads frivolous or false matters, or who brings a suit without any basis in the law"); see *Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067, 1074 (1st Dist. 1995) ("The purpose of [Rule 137] is to

prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions based upon unsupported allegations of fact or law. It is not intended to simply penalize litigants for the lack of success; rather, its aim is to restrict litigants who plead frivolous or false matters without any basis in law."); see also *Espevik v. Kaye*, 277 Ill. App. 3d 689, 697 (2d Dist. 1996) (reaching the same conclusion regarding the purpose of Rule 137); *Fischer v. Brombolich*, 246 Ill. App. 3d 660, 664 (5th Dist. 1993) (same); *In re Marriage of Sykes*, 231 Ill. App. 3d 940, 946 (4th Dist. 1992) (same); *Couri v. Korn*, 202 Ill. App. 3d 848, 857 (3d Dist. 1990) (same). Furthermore, Rule 137 provides that circuit court judges *may* impose sanctions when the rule is violated; they are not required to do so. Ill. S. Ct. R. 137(a). Thus, it is logical to require circuit courts to provide an explanation when imposing sanctions, to make clear to the sanctioned party and future litigants what conduct will not be tolerated. There is no similar need for an explanation when a motion is denied.

¶ 16    A circuit court's decision to deny a motion for sanctions is reviewed for abuse of discretion. *Dowd & Dowd, Ltd.*, 181 Ill. 2d at 487. A court has abused its discretion when no reasonable person would agree with its decision. *In re Marriage of O'Brien*, 2011 IL 109039, ¶ 52; *American Service Insurance*, 2014 IL App (5th) 130582, ¶ 13. By reading into Rule 137 a requirement that the court provide an explanation when denying sanctions, the appellate court has inherently concluded that no reasonable person could ever find the denial of a motion for sanctions justified when the circuit court has not provided an explanation for the denial. This logic is flawed. In *In re Estate of Smith* the appellate court concluded that "[t]he appellate court in reviewing a decision on a motion for sanctions should primarily be determining whether (1) the circuit court's decision was an informed one, (2) the decision was based on valid reasons that fit the case, and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case." *In re Estate of Smith*, 201 Ill. App. 3d 1005, 1009-10 (3d Dist. 1990). This language has repeatedly been used to require that the appellate court look at the explanation of the circuit court's decision, rather than the record, to determine if the decision was an abuse of discretion. *E.g.*, *O'Brien & Associates, P.C. v. Tim Thompson, Inc.*, 274 Ill. App. 3d 472, 483 (2d Dist. 1995); *North Shore Sign Co. v. Signature Design Group, Inc.*, 237 Ill. App. 3d 782, 790-91 (2d Dist. 1992); *Heiden v. Ottinger*, 245 Ill. App. 3d 612, 621 (2d Dist. 1993); but see *Turner Investors v. Pirkl*, 338 Ill. App. 3d 676, 683 (3d Dist. 2003) (finding the legal analysis in *Smith* no longer valid due to changes to the relevant statute and rules and rejecting the notion that circuit courts "*must* make findings of fact whether they impose or deny a motion for sanctions" (emphasis in original)). This is contrary to the longstanding principle that a reviewing court can "sustain the decision of a lower court on any grounds which are called for by the record, regardless of whether the lower court relied on those grounds and regardless of whether the lower court's reasoning was correct." *Leonardi v. Loyola University of Chicago*, 168 Ill. 2d 83, 97 (1995); see *Beacham v. Walker*, 231 Ill. 2d 51, 61 (2008) ("[T]his court may affirm the circuit court's judgment on any basis contained in the record."). In light of this authority, it is clear that the appellate court ought to focus on whether the record provides an adequate basis for upholding the circuit court's decision to deny sanctions, not on the circuit court's specific reasons for doing so. *Turner Investors*, 338 Ill. App. 3d at 683; see *Sullivan v. Eichmann*, 213 Ill. 2d 82, 90 (2004) (finding that the record was sufficient to allow appellate review for an abuse of discretion, despite the fact that the appellant failed to provide the court with a transcript of the relevant hearing).

¶ 17        As the appellate court reached its conclusion solely on the lack of an explanation from the circuit court, we conclude that the appellate court erred in remanding this case. However, there is no pressing need for this court to review the record and determine whether the circuit court abused its discretion at this time. Therefore, we remand this case to the appellate court with instructions that it review the record to determine whether a reasonable person could agree with the circuit court's decision to deny the motion for sanctions.

¶ 18                                    CONCLUSION

¶ 19        The plain language of Illinois Supreme Court Rule 137 imposes no requirement on a circuit court to explain its reasons for denying a motion for sanctions. The appellate court, when reviewing a circuit court decision to deny sanctions, should look to the record to determine whether the circuit court had an adequate basis for making its decision. In the event the appellate court finds that the record is insufficient for such purposes, then remanding the case may be appropriate. However, a record is not inherently insufficient when the circuit court does not provide its reasons for denying the motion. Therefore, we remand this case to the appellate court with instructions that it review the record on appeal to determine whether the circuit court abused its discretion in denying Lake Environmental's motion for sanctions.

¶ 20        Appellate court judgment reversed.

¶ 21        Cause remanded.