2020 IL App (1st) 190326-U

FOURTH DIVISION
March 31, 2020

No. 1-19-0326

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| | ) | Appeal from the |
| HALYNA BORYSLAVSKA, | ) | Circuit Court of |
| | ) | Cook County |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17 OP 78746 |
| | ) | |
| LISA BETH PAUL, | ) | |
| | ) | Honorable |
| Respondent-Appellee. | ) | Raúl Vega, |
| | ) | Judge Presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Gordon and Justice Lampkin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Reversing an order of the circuit court of Cook County granting attorney fees to a respondent in a proceeding under the Stalking No Contact Order Act.

¶ 2    Halyna Boryslavska (petitioner) filed a petition under the Stalking No Contact Order Act (the Act) (740 ILCS 21/1 *et seq.* (West 2018)) against her neighbor Lisa Beth Paul (respondent). After the circuit court of Cook County dismissed the action, respondent sought reimbursement of her attorney fees. Petitioner's sole contention on appeal is that the circuit court improperly granted the fee petition. As discussed herein, we reverse the judgment of the circuit court.

¶ 3                                    BACKGROUND

¶ 4      Petitioner owns a first-floor commercial unit and multiple residential units in a building in the 2400 block of West Chicago Avenue where she operates a medical clinic in the commercial unit. Respondent owned and resided in a residential unit on the fourth floor. In December 2017, petitioner filed a *pro se* petition for a stalking no contact order, wherein she alleged three incidents: respondent sent her a threatening email, forcibly grabbed her arm, and made noises like a "ferocious animal" near petitioner. The circuit court denied her request for an emergency order, and the matter was continued for a hearing on a plenary order.

¶ 5      Petitioner retained counsel and was granted leave to file an amended petition. She listed additional alleged incidents, *e.g.*, respondent yelled at her before a condominium board meeting, interfered with construction work being performed at petitioner's commercial unit, and possibly turned off the heat on the building's first floor during winter months.

¶ 6      Respondent, through counsel, filed a motion to strike and dismiss the amended petition. She argued, in part, that the amended petition failed to allege she had engaged in a course of conduct that would cause a reasonable person to fear for her safety or suffer emotional distress. The circuit court denied the motion, and respondent subsequently filed a response denying the allegations of the amended petition. The case proceeded to an evidentiary hearing on July 23, 2018.

¶ 7      In her opening statement, respondent's counsel asserted that the parties "don't like each other" but denied that her client engaged in stalking. Counsel noted that respondent was the president of the homeowner's association and that various issues had led to "heated" meetings and other litigation between the parties. Counsel also represented that respondent had listed her condominium unit for sale and ceased residing in the building three months earlier, and that

respondent participated in association meetings telephonically to avoid contact with petitioner.

¶ 8    Petitioner testified regarding multiple communications and interactions with respondent. Among other things, petitioner testified that respondent sent her a threatening email, yelled and cursed at her, spit at her, grabbed her arm, prevented her from entering the building's garage, locked a gate to impede petitioner's construction project, and improperly adjusted the first-floor temperature. Petitioner sought medical treatment following one of the incidents; she filed police reports, but apparently no charges were filed. On cross-examination, petitioner confirmed that the email related to a homeowner's association issue and was sent to the condominium board. Petitioner also acknowledged that she did not witness respondent adjust the temperature.

¶ 9    Following petitioner's testimony, the circuit court granted respondent's motion for a directed finding and dismissed petitioner's case. The circuit court stated, in part, that "however horrendous the behavior or words may have been [between] the two of you or whatever issues you had with each other at the building[,] it's simply not stalking."

¶ 10    On August 21, 2018, respondent filed a petition for attorney fees and costs pursuant to section 21/5 of the Act (740 ILCS 21/5 (West 2018)) – which sets forth the purpose of the Act – and Illinois Supreme Court Rule 137, which addresses sanctions (Ill. S. Ct. R. 137 (eff. Jan. 1, 2018)). Respondent's counsel averred that the attorney fees and costs totaled $1717.

¶ 11    The circuit court[1] held a hearing on the fee petition; the parties' respective counsel indicated that an evidentiary hearing was unnecessary. During respondent's counsel's legal argument, the circuit court noted that an award of fees pursuant to Rule 137 would necessitate an evidentiary hearing because the rule requires detailed factual findings. The circuit court opined, however, that the Act allows for respondent's reasonable fees. Respondent's counsel expressly

---

[1] Although Judge Rossana Fernandez ruled on the petition for a stalking no contact order, Judge Raúl Vega ruled on respondent's fee petition and related matters.

agreed to "forget about" Rule 137 fees or other sanctions.

¶ 12    While respondent's counsel contended petitioner had made false and frivolous claims,

petitioner's counsel argued there were no findings during the plenary hearing that any evidence

or testimony was knowingly false. The circuit court granted the fee petition, finding that the

amended petition for a stalking no contact order did not meet the statutory requirements and that

the requested fees were fair and reasonable. Petitioner was ordered to pay $1717.

¶ 13    Petitioner filed a motion to vacate the circuit court's order granting the fee petition,

asserting (a) no evidentiary hearing was conducted, as is required under Rule 137, and

(b) section 80(c) of the Act only permits a petitioner – not a respondent – to recover attorney fees

in the court's discretion in the event that a stalking no contact order is granted. Respondent

argued that petitioner's motion to vacate should be deemed a motion to reconsider pursuant to

section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2018)). According to

respondent, petitioner failed to allege any newly discovered evidence, a change in the law, or an

error in the circuit court's application of existing law, as contemplated by section 2-1203.

¶ 14    During a hearing on the motion to vacate, the trial court stated that its order granting the

fee petition was based on the Act, not Rule 137. The circuit court found that the Act allowed the

award of attorney fees to respondent just as it allowed the award of attorney fees to petitioner.

Treating the motion to vacate as a motion to reconsider, the circuit court found that petitioner did

not allege any newly discovered evidence, a change in the law, or a misapplication of law.

The circuit court denied the motion to vacate, and petitioner filed this timely appeal.

¶ 15                                    ANALYSIS

¶ 16    Petitioner argues on appeal that the circuit court was not authorized to grant attorney fees

to respondent under the Act. According to petitioner, the circuit court erred when it failed to

vacate its fee award because (a) the Act did not provide a basis for the fee award or, in the alternative, (b) the requirements of Illinois Supreme Court Rule 137 were not satisfied. For the reasons discussed below, we are persuaded by petitioner's contentions and thus reverse the judgment of the circuit court awarding attorney fees and costs to respondent.

¶ 17    We initially note that the instant appeal was taken on the appellant's brief and the record only.  As our supreme court observed in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief, the court of review should decide the merits of the appeal."  Where the appellant's brief demonstrates *prima facie* reversible error and the arguments in the brief are supported by the record, then the judgment of the circuit court may be reversed.  *Id.*

¶ 18    The circuit court awarded attorney fees and costs to respondent pursuant to the Act.  The legislature enacted the Act in 2010 to provide a remedy for victims who have emotional distress and safety fears as a result of stalking.  See *McNally v. Bredemann*, 2015 IL App (1st) 134048, ¶ 10; 740 ILCS 21/5 (West 2018).

¶ 19    The circuit court interpreted the Act as permitting the award of attorney fees and costs to a respondent following the denial of a petition for a stalking no contact order.  Petitioner contends that the circuit court lacked authority under the Act to provide such relief. "When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent."  *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 24.  Such intent is best determined from the plain and ordinary meaning of the statutory language.  *Id.* "When the statutory language is plain and unambiguous, we may not depart from the law's terms by reading into it exceptions, limitations, or conditions the legislature did not express, nor may

we add provisions not found in the law." *Id.* Since Illinois follows the "American rule," which prohibits prevailing parties from recovering their attorney fees from the losing party absent contractual or statutory provisions, statutes allowing for recovery of attorney fees must be strictly construed as they are in derogation of the common law. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 64; *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 98. Whether a party may recover attorney fees and costs pursuant to a specific statutory provision is a question of law subject to *de novo* review. *Forest Preserve District of Cook County v. Continental Community Bank & Trust Co.*, 2017 IL App (1st) 170680, ¶ 32. See also *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 12 (noting that a lower court's interpretation of a statute is reviewed *de novo*).

¶ 20 The potential award of attorney fees is expressly addressed in only one section of the Act – section 80(c) (740 ILCS 21/80(c) (West 2018)). Section 80(c) provides that "[t]he court may award the petitioner costs and attorneys fees if a stalking no contact order is granted." This statutory language is clear: a court has discretion to award attorney fees and costs to a *petitioner* if a stalking no contact order is *granted*. In the instant case, the circuit court awarded attorney fees and costs to *respondent* after the petition for a stalking no contact order was *denied*. By granting such relief, the court improperly added provisions not found in the Act. See *Rosenbach*, 2019 IL 123186, ¶ 24. Because attorney fee statutes are in derogation of common law, our supreme court has specifically directed that "[n]othing is to be read into such statutes by intendment or implication." *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 18 (addressing an attorney fee claim under the Illinois False Claims Act). The circuit court thus erred in granting attorney fees and costs to respondent pursuant to the Act.

¶ 21 As noted above, the circuit court expressly stated that its award of attorney fees and costs

was pursuant to the Act and not Rule 137.  Even if we were to consider Rule 137 as an alternative basis for affirming the award of attorney fees and costs herein, the requirements of the rule were not met.

¶ 22    Rule 137 provides that any pleading, motion, or other document filed in court must be "well grounded in fact" and "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law" and not brought for any improper purpose. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018).  "The rule allows for a court, on motion or on its own initiative, to impose sanctions against a party or its attorney for violating these requirements." *Lake Environmental*, 2015 IL 118110, ¶ 7.  Rule 137(d) expressly requires that the circuit court provide an explanation of its decision any time it imposes sanctions under the rule.  Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018) (providing that "[w]here a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order"); *Lake Environmental*, 2015 IL 118110, ¶ 14 (referring to the language of Rule 137(d) as "unambiguous").  As our supreme court has recognized, "it is logical to require circuit courts to provide an explanation when imposing sanctions, to make clear to the sanctioned party and future litigants what conduct will not be tolerated."  *Id.* ¶ 16.

¶ 23    In the instant case, the circuit court did not "set forth with specificity the reasons and basis" for its sanction in any order, as is required under Rule 137(d).  Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018).  "Failure to make specific findings pursuant to Rule 137 is grounds for reversal of the trial court's order."  *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 513 (2001).  See also *Nelson v. Chicago Park District*, 408 Ill. App. 3d 53, 68 (2011) (noting that the trial court's imposition of Rule 137 is reviewed under an abuse of discretion

standard; providing that "Rule 137 requires that the trial court provide an explanation in imposing sanctions, and that a reviewing court may only affirm the imposition of sanctions on the grounds specified by the trial court").

¶ 24     In conclusion, the trial court was not authorized to award attorney fees and costs pursuant to the Act where (a) the petition for a stalking no contact order was denied and (b) the fees were requested by respondent and not petitioner.  Even if we were to consider the validity of the fee award under the circuit court's authority pursuant to Rule 137, the court did not set forth with specificity its reasons and basis for such sanction, as is required by the rule.

¶ 25                                CONCLUSION

¶ 26     For the reasons stated above, the judgment of the circuit court of Cook County awarding attorney fees and costs to respondent is reversed.

¶ 27     Reversed.