2020 IL App (1st) 191803-U

FIRST DISTRICT
SECOND DIVISION
August 4, 2020

No. 1-19-1803

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DEBRA YAMPOL, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| and | ) | Nos. 15 CH 05337 |
| | ) | 15 M2 004529 |
| DAVID BOHRER, | ) | (consolidated) |
| | ) | |
| Third-Party Defendant-Appellee, | ) | Honorables |
| | ) | Raymond W. Mitchell and |
| v. | ) | Helen A. Demacopoulos, |
| | ) | Judges Presiding. |
| DONALD SILVERT, as trustee of the | ) | |
| SHIRLEY SILVERT TRUST, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court properly denied the motion to stay sale proceedings because Appellant's appeal of the underlying order granting specific performance of the lease's option to purchase provision was untimely.

¶ 2     Defendant Donald Silvert, as trustee of the Shirley Silvert trust, filed this action as an interlocutory appeal, seeking review of the trial court's ruling denying his motion to stay the sale

of property to plaintiff Debra Yampol and third-party defendant David Bohrer.[1] On appeal, Silvert argues that the sale proceedings should have been stayed because the order granting specific performance of the lease's "option to buy" provision was not a final and appealable order. We affirm.

¶ 3                                              BACKGROUND

¶ 4        On October 30, 2013, the parties executed a lease providing that Silvert[2] would lease to Yampol and Bohrer residential property located at 7352 N. Kenneth Avenue in Lincolnwood, Illinois (Property). The lease included an "option to buy" provision, providing Yampol and Bohrer with an option to purchase the Property at fair market value at the end of the lease term.[3] The lease term was for 17 months, beginning on November 1, 2013 and ending on March 31, 2015.

¶ 5        On March 31, 2015, Yampol moved for specific performance of the lease's "option to buy" provision. Silvert filed a counterclaim, seeking possession of the Property and unpaid rent.

¶ 6        On July 26, 2019, the trial court ordered specific performance of the lease's "option to buy" provision with the closing to be completed by August 26, 2019. The trial court also ruled that "due to the unclean hands of both parties in this matter *** Defendant Silvert's various motions for back-rent are all DENIED." The trial court set the matter for a status hearing on August 28, 2019. The closing on the sale of the Property did not occur by August 26, 2019.

¶ 7        During the August 28 status hearing, the trial court ordered that the closing must now be completed by September 11, 2019, and ordered Yampol to pay use and occupancy until the closing date. The trial court set September 13, 2019, as the next status hearing date.

¶ 8        On September 3, 2019, Silvert filed a "motion to stay execution of judgment on specific

---

[1]Silvert and Bohrer are licensed attorneys and all parties in this appeal appear *pro se*.
[2]Silvert leased the Property as trustee of the Shirley Silvert Trust.
[3]The "option to buy" provision stated that the "Lessee may only exercise the option providing that Lessee has not defaulted in any payment or any other obligation under the Lease."

performance," pending appeal. The trial court denied the motion, finding that "Silvert has failed to demonstrate a likelihood of success on the merits because he failed to perfect a timely appeal."

¶ 9 The sale of the Property closed on September 11, 2019. At the September 13, 2019 status hearing, the trial court ruled that because "the judgment for the plaintiff has been fully executed as of the closing on the property, this Court hereby reaffirms that Silvert's Countersuit and Counterclaims for eviction and back-rent remain MOOT as logically follows by this Court's final order of July 26, 2019."

¶ 10 ANALYSIS

¶ 11 The sole issue on appeal is whether the trial court erred in denying Silvert's motion to stay the sale of the Property.

¶ 12 As with any case, we begin by determining whether we have jurisdiction to address Silvert's appeal. Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." "Under established Illinois law, the denial of a stay of trial court proceedings is treated as a denial of a request for a preliminary injunction and is appealable as a matter of right under Illinois Supreme Court Rule 307(a)(1)." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 39. Thus, we have jurisdiction to address Silvert's interlocutory appeal, seeking review of the trial court's ruling denying the motion to stay the sale of the Property.[4]

¶ 13 Although Silvert urges we review *de novo* the trial court's ruling on the motion to stay, our courts have consistently found that an abuse of discretion is the appropriate standard. *McGinley Partners, LLC v. Royalty Properties*, LLC, 2020 IL App (1st) 190546, ¶ 38. "A court has abused

_____

[4]Yampol argues that this matter is moot because while the appeal was pending, the Shirley Silvert Trust sold the Property. But because the Trust sold the Property to Yampol, a party to the litigation and not to an innocent third party, this matter is not moot. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 524 (2001).

its discretion when no reasonable person would agree with its decision." *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16. In any event, our result would be the same under any standard.

¶ 14        Turning to the merits of Silvert's appeal, he argues that the trial court erred in denying his motion to stay, seeking to preserve the status quo pending his appeal of the July 26 order granting specific performance of the lease's "option to buy" provision. When ruling on a motion to stay, the trial court considers the movant's "likelihood of success on the merits of the underlying action." See *Ford Motor Credit Co. v. Cornfield*, 395 Ill. App. 3d 896, 903 (2009) (a court may focus on the "likelihood of success" element); *Tirio v. Dalton*, 2019 IL App (2d) 181019, ¶ 65 (there must be a more substantial showing of a likelihood of success on the merits where the balance of equitable factors does not strongly favor the movant).

¶ 15        Here, the trial court did not err in finding that Silvert failed to show a likelihood of success on the merits, because this court lacks jurisdiction to review the underlying order granting specific performance of the "option to buy" provision. An order granting specific performance generally "becomes final and appealable immediately following its issuance by the court." *Djikas v. Grafft*, 344 Ill. App. 3d 1, 8 (2003). A party seeking review of the trial court's specific performance order must file an appeal within 30 days from the date of the order granting specific performance, not the date of enforcement. *Id.* at 9. Thus, the order granting specific performance was final and appealable on July 26, and Silvert does not dispute that he did not file a notice of appeal within 30 days of the July 26 order.

¶ 16        Silvert, however, argues that this court is vested with jurisdiction to address an appeal of the July 26 order because his counterclaims remained pending and the order did not include section 304(a) language. But Silvert misconstrues the trial court's ruling, because nothing remained pending in the July 26 order except enforcement of the judgment.

¶ 17        First, the trial court denied "Silvert's various motions for back-rent" in the July 26 order.

The trial court's statement that "*If* the closing on the Property does not happen by August 26, 2019, then this Court *may* consider Defendant Silvert's claims" was clearly contingent on the parties failing to execute the specific performance order. (Emphasis added). Likewise, the purpose of the future status hearings was to determine the parties' compliance with the specific performance order, not to consider any additional issues. See *id.* at 11 (the time period between the trial court's order and its enforcement "does not affect the finality of the order for purposes of appealability"); *Djomlija v. Urban*, 107 Ill. App. 3d 960, 966 (1982) (the trial court's rescheduling of the closing date for the sale of property did not render its prior order granting specific performance nonfinal). Those items addressed the enforcement of the order granting specific performance, but did not reserve judgment on the merits of any issue. *Grafft*, 344 Ill. App. 3d at 8 ("Judgment is not final, nor immediately appealable, where the court reserves an issue for further consideration or otherwise manifests an intention to retain jurisdiction for the entry of a further order."). Moreover, section 304(a) certification was not necessary, since the July 26 order granting specific performance was final and appealable. *Id.*

¶ 18    Because Silvert did not timely appeal the final and appealable July 26 order granting specific performance, this court lacks jurisdiction to review that order. Thus, there is no "likelihood of success on the merits" regarding a review of the July 26 order granting specific performance and the trial court did not abuse its discretion in denying Silvert's motion to stay the sale proceedings pending appeal.

¶ 19                                CONCLUSION

¶ 20    For the reasons stated, we affirm the trial court's order denying Silvert's "motion to stay execution of judgment on specific performance."

¶ 21    Affirmed.