2023 IL App (1st) 211324-U

No. 1-21-1324

Order filed April 14, 2023

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER REYNOLDS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 M 32784 |
| | ) | |
| MICHELE HANSON, | ) | Honorable |
| | ) | Martin C. Kelley, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices CA. Walker and Tailor concurred in the judgment.

**ORDER**

¶ 1   *Held*:   We affirm the circuit court's denial of sanctions and find no abuse of discretion where the record on appeal was limited.

¶ 2   Defendant Michele Hanson appeals the order of the circuit court denying her petition for

sanctions against plaintiff Christopher Reynolds under Illinois Supreme Court Rule 137 (eff. Jan.

1, 2018). On appeal, Hanson contends that the court abused its discretion in refusing to impose

sanctions where Reynolds' complaint raised baseless claims that had been adjudicated in prior proceedings. For the following reasons, we affirm.

¶ 3    The following background is adduced from the record on appeal, which consists of the common law record but lacks a report of proceedings, bystander's report, or agreed statement of facts. For clarity, we set forth only the background relevant to this appeal.

¶ 4    The parties were married on August 14, 1993, and had two children, A.R. and K.R. The marriage was dissolved on February 5, 2003. On June 17, 2011, the circuit court entered an order regarding Reynolds' support for K.R. and his obligation to pay 50 percent of A.R.'s college tuition, room and board, and book expenses.

¶ 5    Hanson subsequently filed three petitions for rule to show cause against Reynolds pertaining to K.R.'s extracurricular, school, and medical expenses, and A.R.'s college expenses.

¶ 6    On September 28, 2015, the circuit court found that Reynolds failed to comply with the 2003 dissolution judgment and the June 17, 2011, order "without compelling cause or justification." The court also determined that Reynolds was responsible for 50 percent of K.R.'s college tuition, room and board, and book expenses. A judgment of $58,491.28 was entered against him.

¶ 7    Reynolds, proceeding *pro se*, subsequently filed a "Petition To Establish Payment Of Expenses." He claimed, in part, that A.R. and K.R. obtained loans "for half of full tuition *** leaving [Hanson] without any college expense contribution." He asked the court for permission to pay his portion of A.R. and K.R.'s college expenses "directly to them until paid off."

¶ 8       Hanson moved to strike Reynolds' petition. After a hearing on September 22, 2016, the court granted Hanson's motion and dismissed the petition with prejudice. The court also held Reynolds in "indirect civil contempt for failing to pay college expenses."

¶ 9       On June 5, 2018, Reynolds filed a *pro se* petition for rule to show cause, arguing that he and Hanson were "required to contribute equitably towards" A.R.'s college expenses. Instead, Hanson had "taken out maximum loans each year *** while still requiring [A.R.] to take out her own loans." Hanson therefore received a "credit balance" in the amount of $25,043.32. Reynolds requested that Hanson pay $25,043.32 to A.R. for the school loans A.R. obtained or pay Reynolds half that amount.

¶ 10      Hanson filed a motion to dismiss the petition, which the court granted on November 28, 2018. The court found that the orders of June 17, 2011, and September 28, 2015, "were final and appealable" and "the issues raised in [Reynolds'] Petition for Rule to Show Cause filed on June 5, 2018 are res judicata." The order stated that should Reynolds "file any further pleadings seeking modification of the Orders referred to in Paragraph 2 above, [he] will be subject to sanctions pursuant to Supreme Court Rule 137."

¶ 11      The parties subsequently filed a number of petitions and motions. Hanson, in particular, filed a petition for attorney fees and costs, a motion for "Adjudication of Reserved Sanctions Pursuant to Supreme Court Rule 137," and a motion to establish a payment schedule for attorney fees. Reynolds filed a "Petition for Release of Judgment."

¶ 12      On August 22, 2019, after a hearing, the court entered an agreed order addressing the pending petitions and motions. The order provided, in relevant part:

"1. The judgment entered on 09/28/2015 in the amount of $58,491.28 against [Reynolds] has been satisfied. Accordingly, withholding from [Reynolds'] employer is terminated as of 8/24/2019.

* * *

3. A judgment is entered in favor of [Hanson] and against [Reynolds] in the amount of thirty five thousand dollars ($35,000). Said judgment is *** a compromised amount from the amount claimed in [Hanson's] First Amended Petition for Attorney's Fees and Costs pursuant to section 508(b). *** This judgment for attorney's fees [is] related to [Reynolds'] willful and intentional refusal to comply with court orders pursuant to 750 ILCS 508(b) and contempt of court.

4. [Reynolds] will pay [Hanson] $1,700 (one thousand seven hundred dollars) per month *** in satisfaction of said judgment.

* * *

7. [Hanson's] obligation to contribute to [K.R.'s] college expenses for *** Spring 2019 and Summer 2019 was included as a credit when calculating the judgment balance in paragraph 3. Each party's obligation to contribute to the parties' daughters' college expenses has been satisfied.

8. Pursuant to Supreme Court Rule 304(a) this is a final and appealable order and there is no just reason for delaying either enforcement or appeal or both.

9. The Court reserves jurisdiction to enforce this order.

10. All pending matters having been resolved, this case is off call."

¶ 13    On June 3, 2021, Reynolds, *pro se*, filed a complaint outside of the dissolution proceedings. In count I, "College Expenses - [A.R.]," Reynolds alleged that since "each parent is required to contribute equitably towards" a child's expenses, Hanson "should also owe $33,882.29." However, Hanson obtained "maximum parent loans" resulting in "refunds" of $25,043.32. She therefore paid only $8838.97 towards A.R.'s college expenses. Reynolds claimed that Hanson's "unwillingness to attend mediation or come to an equitable agreement has caused much harm and undue hardship" to him.

¶ 14    Count II asserted similar claims regarding Hanson's share of K.R.'s college expenses. The complaint acknowledged, however, that "Hanson has subsequently paid on [K.R.'s] student loans in the full amount of refunds that she had received as a result of overpayments."

¶ 15    Count III, "Attorney Fees," alleged that Reynolds filed "many" petitions in the dissolution proceedings "to rectify this situation," but the court granted Hanson's motions to dismiss and Reynolds' petitions "were never heard." Reynolds also requested mediation with Hanson "numerous times," but Hanson declined. He claimed that Hanson's "unwillingness to attend mediation or come to an equitable agreement has caused much harm, physically, mentally, and emotionally, as well as created undue hardship" for him.

¶ 16    As relief, Reynolds requested that Hanson pay A.R. $25,043.32, reflecting the refund Hanson received. Alternatively, she should pay Reynolds $12,521.66, representing half of her refund for A.R.'s college expenses. Reynolds also requested a refund of the $35,000 in attorney fees he paid under the August 22, 2019, agreed order, and $35,000 "for physical, mental, and emotional damages."

¶ 17 Hanson filed a motion to dismiss the complaint under section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2020)). She argued that the orders of June 17, 2011, and September 28, 2015, barred counts I and II of the complaint. Furthermore, the August 22, 2019, agreed order provided that the parties had satisfied their respective obligations to contribute to their children's college expenses.

¶ 18 As for count III, Hanson argued that "there is presently pending litigation in the Dissolution Case regarding the enforcement of the $35,000.00 sanction." Therefore, the "Dissolution Case is the appropriate forum to address any challenge to the $35,000.00 sanction."

¶ 19 On July 23, 2021, the circuit court dismissed Reynolds' complaint with prejudice.

¶ 20 On August 18, 2021, Hanson filed a petition for attorney fees pursuant to Rule 137. She asserted that Reynolds "has been on a campaign of harassment against [her] in the Divorce Case over contribution to their children's college expenses as provided in orders entered" on June 17, 2011, and September 28, 2015, filing "at least eight" petitions to modify or vacate those orders. Further, the court in the dissolution case cautioned that it would sanction Reynolds if he filed further pleadings seeking modification of these orders. On January 8, 2019, "in direct defiance" of the court, Reynolds filed a petition which was dismissed. That filing provided "part of the basis of the $35,000 sanctions" entered against Reynolds on August 22, 2019.

¶ 21 Hanson argued that Rule 137 sanctions were warranted because Reynolds' June 3, 2021, complaint raised issues previously adjudicated, and he "should not be permitted to escape the imposition of sanctions by filing in this Court that which he would have been sanctioned for in another court." Hanson requested $3996.78 for attorney fees and costs "related to" Reynolds' complaint, plus additional fees and costs incurred for the filing of her petition.

¶ 22    On September 3, 2021, Hanson's counsel presented the petition with both parties present in court. The circuit court denied the petition, finding that Reynolds' conduct did not "rise to the level of sanctions."

¶ 23    Hanson filed this appeal, arguing that the circuit court abused its discretion in denying sanctions where Reynolds had "no reasonable basis" to file his complaint.

¶ 24    On August 19, 2022, we entered an order taking this appeal on Hanson's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976) (Explaining the resolution of appeals in cases where the appellee has failed to file a brief).

¶ 25    An attorney or party who signs a pleading certifies "that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law *** and that it is not interposed for any improper purpose." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). To discourage abuse of the judicial process, Rule 137 allows for sanctions against a party who files vexatious and harassing actions unsupported in fact or law. *Dismuke v. Rand Cook Auto Sales, Inc.*, 378 Ill. App. 3d 214, 217 (2007). The rule, however, does not punish parties "simply because they have been unsuccessful in the litigation." *Burrows v. Pick*, 306 Ill. App. 3d 1048, 1050 (1999). Rather, its purpose is "to prevent the filing of false and frivolous lawsuits." *Sanchez v. City of Chicago*, 352 Ill. App. 3d 1015, 1020 (2004). Courts strictly construe Rule 137 and reserve sanctions for the most egregious cases. *Watkins v. Ingalls Memorial Hospital*, 2018 IL App (1st) 163275, ¶ 78.

¶ 26    When reviewing a denial of Rule 137 sanctions, we "focus on whether the record provides an adequate basis for upholding the circuit court's decision to deny sanctions, not on the circuit court's specific reasons for doing so." *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16.

We review the circuit court's determination for abuse of discretion, which occurs when no reasonable person would agree with the court's decision. *Id.*

¶ 27    In her petition for sanctions, Hanson argued that Reynolds filed a frivolous complaint where he challenged Hanson's contribution to their children's college expenses, a matter previously resolved in the dissolution proceedings. As the party seeking sanctions, Hanson must demonstrate that Reynolds made "false allegations without reasonable cause for the mere purpose of invoking harassment or undue delay of the proceedings," and prove each element with specificity. *Webber v. Wight & Co.*, 368 Ill. App. 3d 1007, 1032 (2006). However, Hanson has not provided us with a record sufficient to determine whether the circuit court abused its discretion.

¶ 28    Due to the incomplete record, which lacks a report of proceedings or substitute therefor (see Ill. S. Ct. R. 323 (eff. July 1, 2017)),  we do not know the circuit court's reason for dismissing Reynolds' complaint with prejudice. There is no report of proceedings or substitute therefor  (see Ill. S. Ct. R. 323 (eff. July 1, 2017)) for the date that the circuit court denied Hanson's motion for sanctions. Both Hanson and Reynolds appeared before the court, but we do not know what points were presented, let alone whether those points were adequate enough to uphold the court's decision to deny sanctions. It is Hanson's burden, as appellant, "to present a sufficiently complete record of the proceedings at trial to support a claim of error." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).  We find that she has not met this burden.

¶ 29    Without a complete record, any doubts are resolved against Hanson and it will be presumed that the order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392.  Thus, we do not find that the circuit court abused its discretion by denying Hanson's motion for sanctions.

¶ 30    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 31    Affirmed.