2025 IL App (2d) 250211-U
No. 2-25-0211
Order filed December 4, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| KRASIMIR VENELINOV BULAKIEV, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-SC-2129 |
| | ) | |
| CHARTER MANUFACTURING | ) | |
| COMPANY, INC., | ) | Honorable |
| | ) | Jeffrey L. Hirsch, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice Kennedy and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court did not err in sanctioning plaintiff for his frivolous complaint against defendant, his former employer, for unpaid compensation, return of his personal property, and submission of his personnel file.

¶ 2    *Pro se* plaintiff, Krasimir Venelinov Bulakiev, appeals from an order of the circuit court of McHenry County awarding attorney fees to defendant, Charter Manufacturing Company, Inc., as a sanction under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018).  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4       On October 23, 2023, plaintiff filed a *pro se* small claims complaint against defendant. He alleged that defendant owed him $5,000 in "unpaid wages, unpaid bonuses, personal belongings, damages incurred, and interest." He also requested his personnel file. The matter proceeded to a bench trial, at which plaintiff testified that his employment with defendant was terminated on August 2, 2023, for a safety violation. Defendant told him that his personal items would be shipped to him. Some were, but defendant failed to return jackets that, according to plaintiff, were provided by defendant to its employees for them to keep. According to defendant, the jackets were "personal because your name was embroidered on to [*sic*] those items." Defendant also failed to return an engraving tool and a set of hand tools that plaintiff had purchased.

¶ 5       Plaintiff testified that, while working for defendant, he earned about $2,770 in gross pay every two weeks. His final paycheck was under $600 in gross pay. He later testified that he received an additional check on May 11, 2024, for $335. Plaintiff added that he had an earnings statement that matched the check for $335 but that the "gross amount of that paycheck is $3,012.01." Although plaintiff's testimony was not entirely clear, he apparently believed that he was owed the $3,012.01 because defendant fired him before investigating the safety violation. Thus, he "disagree[d]" with his last paycheck "due to [defendant] not following established *** policy." However, plaintiff conceded that he was properly paid for the period before his termination.

¶ 6       Laura Mayer, defendant's human resources manager, testified that plaintiff was terminated for violating a safety procedure by failing to "lock out" a piece of equipment. She communicated with plaintiff about returning his personal property. Plaintiff inquired about certain jackets; however, defendant had purchased the jackets, making them its property. Plaintiff also mentioned

some tools. He had purchased them with a company credit card, and defendant had paid for them. They were not plaintiff's personal property. Mayer testified that she sent plaintiff his entire personnel file by e-mail; she excluded nothing. Plaintiff claimed not to have received it, but Mayer testified that she never received notice that the e-mail had not been delivered. Mayer denied that defendant owed plaintiff any compensation. Plaintiff was paid all compensation he had earned through August 2, 2023, the date of his termination.

¶ 7    During Mayer's testimony, defense counsel presented her with various documents marked as defense exhibits. At the end of the trial, the court returned the exhibits to defendant, and they are not in the appellate record.

¶ 8    In its written order entering judgment for defendant, the trial court found that plaintiff was an at-will salaried employee and was terminated on August 2, 2023, for violating a safety policy. The court further found:

> "Plaintiff failed to prove by a preponderance of the evidence that he was terminated unlawfully; that he is owed any unpaid wages, bonuses, or any other form of earned compensation or benefits; that any [of] his personal property items were not returned or otherwise converted by [d]efendant; or that he is entitled to any personnel business records created and kept by [d]efendant beyond those he has already received."

Finally, the court found that plaintiff's complaint "was not well-grounded in fact or law and it was filed for an improper purpose in violation of Illinois Supreme Court Ruel [*sic*] 137." The judgment order contained a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that "there is no just reason to delay enforcement or appeal of this [o]rder."

¶ 9    Plaintiff filed a timely notice of appeal. While that appeal was pending, defendant filed in the trial court a motion for sanctions under Rule 137. On February 14, 2025, we affirmed the

judgment in favor of defendant, noting that the Rule 137 motion was apparently still pending in the trial court. *Bulakiev v. Charter Manufacturing Company, Inc.*, No. 2-24-0397, ¶¶ 3, 13 (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)). On May 9, 2025, the trial court granted defendant's motion and ordered plaintiff to pay defendant $6,250 in attorney fees. This appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11    At the outset of our analysis, we note that the trial court's underlying judgment rejecting plaintiff's claims, and our order affirming that judgment (see *id.*), are now the law of the case and cannot be challenged. See *166 Symphony Way, LLC v. U.S. Property Investments Group, LLC*, 2025 IL App (2d) 240040, ¶ 26 ("Generally, the law-of-the-case doctrine prohibits reconsideration of issues that have been decided in a prior appeal."). Our concern in this appeal is strictly whether the trial court's sanctions award under Rule 137 was proper.

¶ 12    Rule 137 provides, in pertinent part:

"Every pleading *** of a party represented by an attorney shall be signed by at least one attorney of record in his individual name ***. A party who is not represented by an attorney shall sign his pleading, motion, or other document ***. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may

impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 13    "[Rule 137] is designed to discourage frivolous filings, not to punish parties for making losing arguments." *Lake Environmental Inc. v. Arnold*, 2015 IL 118110, ¶ 15. We will not disturb the trial court's ruling on a Rule 137 motion unless the court has abused its discretion. See *id.* ¶ 16. A court has abused its discretion when no reasonable person would agree with its decision. *Id.*

¶ 14    Plaintiff first argues that his claim for wages was well grounded in law and fact because Illinois law requires final wages to be paid on the next regular payday and federal law prohibits improper deductions. The argument is meritless. Plaintiff's claim for wages was solely that he had not been paid for a period after his termination; he never claimed that he was paid late. Moreover, he admitted that he had been fully paid for the time that he was employed. Thus, his claim for overdue wages clearly had no basis in fact or law.

¶ 15    Plaintiff next argues that his claim for the return of personal property was "objectively reasonable." To the contrary, although plaintiff asserted that he was entitled to keep the property in question, he presented no evidence to support that contention. In contrast, defendant presented evidence that it had paid for the items and that they did not belong to plaintiff. Thus, the claim for the return of personal property was clearly frivolous.

¶ 16    Plaintiff's sole argument regarding his personnel file is that the file, as returned to him, did not contain disciplinary or investigatory documents. In support of his argument, plaintiff cites "Chen v. Northwestern Univ., 302 Ill. App. 3d 116," but there is no such case at that citation.

Plaintiff also cites section 2 of the Personnel Record Review Act (Act) (820 ILCS 40/2 (West 2022)), which provides, in pertinent part:

"Every employer shall, upon an employee's request which the employer may require be in writing on a form supplied by the employer, permit the employee to inspect any personnel documents which are, have been or are intended to be used in determining that employee's qualifications for employment, promotion, transfer, additional compensation, discharge or other disciplinary action, except as provided in Section 10."

However, defendant presented evidence that it had sent plaintiff's entire personal file to him. There was no evidence that any investigatory or disciplinary documents were withheld. We conclude that the trial court did not abuse its discretion in finding that plaintiff's complaint was not well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

¶ 17 Plaintiff further argues that, in imposing sanctions, the trial court ignored "[n]ew [e]vidence." The argument is meritless because compliance with Rule 137 is gauged under a standard of "reasonableness under the circumstances existing at the time of the filing." *Rubino v. Circuit City Stores, Inc.*, 324 Ill. App. 3d 931, 946 (2001).

¶ 18 As for the amount of the sanction, plaintiff's entire argument is: "The $6,250 sanction was excessive, particularly in a *pro se* small claims matter. The figure was conspicuously rounded and lacked evidentiary justification. *** The sanction was disproportionate and an abuse of discretion." We disagree. Defendant submitted an itemized statement of attorney fees and costs totaling $7,618.68. Plaintiff is rather bold in criticizing the significantly lesser amount awarded— $6,250—as suspiciously "rounded." Although plaintiff contends that the award "lacked evidentiary justification," the absence of a complete record makes it impossible to evaluate this

argument. The trial court's order recites that the matter "came before the [c]ourt" on May 7, 2025. However, the record on appeal does not contain a report of proceedings (a verbatim transcript or an acceptable substitute) for that day. See. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). It is well established that

> "an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

Consistent with this principle, we must affirm the trial court's award to defendant.

¶ 19 We note that, in his reply brief, plaintiff challenges the trial court's sanctions order as "conclusory" and "legally deficient, failing to identify sanctionable pleadings, explain unreasonableness, or link fees to specific costs." However, "arguments raised for the first time in a reply brief are deemed forfeited." *People v. Robinson*, 2013 IL App (2d) 120087, ¶ 15. Therefore, we decline to consider this argument.

¶ 20                                    III. CONCLUSION

¶ 21 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

¶ 22 Affirmed.