No. 2--06--1176     Filed: 11-26-07

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 05--TR--20381 |
| DANIEL STEFANSKI, | ) ) ) | Honorable Gordon E. Graham, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE CALLUM delivered the opinion of the court:

The State appeals the trial court's award of sanctions to the defendant, Daniel Stefanski, under Supreme Court Rule 137 (155 Ill. 2d R. 137), after the State filed two notices of motion that violated local court rules and one that was not properly placed on the court call. We determine that the trial court erred when it determined that sanctions were appropriate for a "needless increase in the cost of litigation" (155 Ill. 2d R. 137) in the absence of evidence of bad faith on the part of the State. However, we affirm because the notices were also not well-grounded in law.

I. BACKGROUND

On April 15, 2005, Stefanski was arrested for driving under the influence (625 ILCS 5/11--501(a)(2) (West 2004)). Stefanski refused a Breathalyzer test, resulting in the summary suspension of his driver's license (625 ILCS 5/2--118.1(b)(3) (West 2004)). On April 21, 2005, he filed a petition to rescind the summary suspension.

On May 31, 2006, the State filed a motion to advance the hearing date, with a notice of motion stating that it would be presented on Friday, June 2, 2006. The State failed to show proof of service. On June 1, 2006, the State filed a new motion to advance the date. The new notice of motion stated that the motion would be presented on Monday, June 5, 2006, and included a proof of service stating that the motion was sent by fax at or before 4:30 p.m. on Thursday, June 1, 2006, and that a transaction statement from the fax machine was attached. However, the notice was silent on who the fax was sent to and no transaction statement was actually attached to it.

On June 2, 2006, the State withdrew the first motion and the court granted Stefanski leave to file a petition for fees. On June 5, Stefanski appeared in court and objected to the second motion, asserting that the notice was insufficient. The court struck the motion from the call. See 19th Judicial Cir. Ct. R. 2.01(j) (eff. January 2, 1997).[1]

In his brief, Stefanski states that on June 7, 2006, he appeared in court because he was personally served with notice of a third motion to advance, to be presented that day. He was advised that the matter had not been put on the call and therefore would not be heard. There is no record of that proceeding, but the State does not deny that it occurred, and the trial court referred to the matter when it provided its reasoning for awarding sanctions. Stefanski attached to his brief a copy of the third motion.

On June 15, 2006, Stefanski filed a petition for $926.25 in fees under Rule 137, alleging that defense counsel was summoned into court on three dates when notice was improper or when the

---

[1]At the time of the proceedings, McHenry County was part of the Nineteenth Judicial Circuit and subject to its local rules. McHenry County was later separated from the Nineteenth Judicial Circuit and is now the Twenty-Second Judicial Circuit.

matter had not been placed on the call. On July 14, 2006, the trial court granted the petition and awarded $500 in fees. During discussion of the fee petition, the attorney for the State admitted to "a comedy of errors on the part of my office," but argued that the mistakes were unintentional. The trial court found that the notices were improper under local court rules and that the State could have withdrawn the second motion once it learned that notice was insufficient. But the court also made clear that it was not finding bad faith on the part of the State. In its order, the trial court wrote that the State "did not act with gross negligence or inadvertence but it did needlessly increase [the] cost of litigation."

After the court upheld the summary suspension of Stefanski's license, the State moved for reconsideration of the fee award. At the hearing on the motion, the court repeated its belief that this was a case of needlessly increasing the cost of litigation. The court also noted a lack of law about sanctions for mistakes that needlessly increase the cost of litigation and stated that it welcomed guidance from this court on the matter. The court denied the motion to reconsider, and the State appeals.

II. ANALYSIS

The State argues that Rule 137 sanctions were inappropriate because, while the failures to serve proper notice were "procedural missteps," the mistakes were not made in bad faith. In the alternative, the State argues that an evidentiary hearing was required before the trial court could award sanctions. Stefanski argues that an award of sanctions is proper when a party unnecessarily increases the cost of litigation even in the absence of subjective bad faith. He also argues that the notices were not well-grounded in law and that the State failed to make a reasonable inquiry into the law.

Proceedings to rescind a summary suspension are civil and are subject to the rules of civil procedure. People v. McClure, 218 Ill. 2d 375, 385-86 (2006). Rule 137 applies to the State in the same manner as any other party. 155 Ill. 2d R. 137. Generally, the trial court's decision regarding sanctions under Rule 137 will not be disturbed absent an abuse of discretion. See Doe v. Roe, 289 Ill. App. 3d 116, 131 (1997). A trial court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. See In re Marriage of Lindman, 356 Ill. App. 3d 462, 467 (2005).

The construction of a supreme court rule presents a question of law, which we consider de novo. People v. Trimarco, 364 Ill. App. 3d 549, 551 (2006). We construe supreme court rules according to the principles that govern the construction of statutes. Robidoux v. Oliphant, 201 Ill. 2d 324, 332 (2002). The primary task is to ascertain and give effect to the drafter's intent. Robidoux, 201 Ill. 2d at 332. " 'The most reliable indication of intent is the language used, which should be given its plain and ordinary meaning.' [Citation.]" Robidoux, 201 Ill. 2d at 332. Because Rule 137 is penal, it must be strictly construed. Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 487 (1998).

Rule 137 provides in part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. *** The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and

that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137.

Thus, under Rule 137, sanctions may be granted under two different circumstances: (1) when a pleading, motion, or other paper is not "well grounded in fact" or is not "warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law," or (2) when it is interposed for purposes such as to "harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137; see Penn v. Gerig, 334 Ill. App. 3d 345, 354 (2002).

The State argues that the phrase "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" requires a finding of subjective bad faith. We have never decided whether bad faith is required for sanctions to be awarded when there has been a needless increase in the cost of litigation.

Because Rule 137 is almost identical to Rule 11 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 11), we may seek guidance from the federal courts' interpretation of that rule. See Edward Yavitz Eye Center, Ltd. v. Allen, 241 Ill. App. 3d 562, 569 (1993). The Seventh Circuit has held that the rule contains two parts, one with a subjective component, and the other with an objective component. See Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 931 (7th Cir. 1989). The subjective component is that "[a] paper 'interposed for any improper purpose' is sanctionable whether or not it is supported by the facts and the law, and no matter how careful the pre-filing investigation. The objective component is that a paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make 'reasonable inquiry' beforehand." Mars Steel Corp., 880 F.2d at 931-32.

Here, "any improper purpose" is necessarily a subjective purpose, "such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." 155 Ill. 2d R. 137. Thus, to award sanctions for a needless increase in the cost of litigation, there must be subjective bad faith. Accordingly, the trial court erred when it relied on a needless increase in the cost of litigation for its award of sanctions, because it specifically found no subjective bad faith on the part of the State. However, that determination does not end our inquiry, because by failing to follow local court rules, the notices of the motions were also not warranted by existing law.

Even if the trial court's reasoning was in error, we can affirm the judgment on any grounds that are called for by the record. Seith v. Chicago Sun-Times, Inc., 371 Ill. App. 3d 124, 133 (2007). Also, to avoid further expense to the parties, when the record contains the information necessary to reach a determination about sanctions, we may perform our own review of the petition without remanding for further proceedings in the trial court. See Krautsack v. Anderson, 223 Ill. 2d 541, 562-63 (2006) (appellate court may conduct its own review of a fee petition when an evidentiary hearing is unnecessary).

Although the trial court did not find subjective bad faith on the part of the State, an objective determination of reasonableness under the circumstances applies when determining whether a filed paper is grounded in fact and warranted by existing law. See Baker v. Daniel S. Berger, Ltd., 323 Ill. App. 3d 956, 963 (2001). When that portion of Rule 137 is at issue, it is not sufficient that the party "honestly believed" that the allegations raised were grounded in fact and law. Fremarek v. John Hancock Mutual Life Insurance Co., 272 Ill. App. 3d 1067, 1074-75 (1995).

The State argues that an evidentiary hearing is necessary to reach a determination whether the notices were warranted by existing law. But the State does not deny that the notices were

ineffective and it conceded a "comedy of errors" on its part. The trial court also specifically found that the notices were improperly filed and that the State could have avoided repeating the mistake. The State had several opportunities to cure the matter, it failed each time, and with each failure Stefanski incurred costs. Thus, the record is sufficient to show that the notices were not warranted by existing law and that Rule 137 sanctions were appropriate. Accordingly, we affirm the award of sanctions.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

GROMETER, P.J., and HUTCHINSON, J., concur.