NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190783-U

NO. 4-19-0783

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 16, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* J.P.H., a Minor | ) | Appeal from |
| | ) | Circuit Court of |
| (Correctional Healthcare Companies, | ) | McLean County |
| Petitioner-Appellee, | ) | No. 11MR90 |
| v. | ) | |
| Estate of Janet Louise Hahn, | ) | Honorable |
| Respondent-Appellant). | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court did not abuse its discretion in denying Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) sanctions.

¶ 2    In March 2019, petitioner, Correctional Healthcare Companies, filed a petition for an amended special order seeking use, in a state court matter, of juvenile court records involving J.P.H. The following month, respondent, the estate of Janet Louise Hahn, filed a response in opposition to the petition. Also in April 2019, the trial court filed an amended special order allowing petitioner to disclose and produce certain juvenile court records. In May 2019, respondent filed a motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). The court denied the motion for sanctions.

¶ 3    Respondent appeals, arguing the trial court abused its discretion in denying the motion for Rule 137 sanctions. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5          In March 2011, petitioner filed a petition for a special order of the trial court

granting inspection and copying of juvenile court records and other matters involving J.P.H.

under section 1-8 of the Juvenile Court Act of 1987 (Act) (705 ILCS 405/1-8(C) (West 2010)).

The petition alleged respondent filed a civil rights and medical malpractice lawsuit in federal

court related to the death of Janet Louise Hahn, J.P.H.'s mother.  The petition asserted the

juvenile court records were relevant to the civil rights case pending in federal court on the issue

of damages and on the credibility of Patrick Hahn, J.P.H.'s father.

¶ 6          In October 2011, the trial court entered a special order granting the petition.

Petitioner inspected, copied, and obtained redacted portions of the juvenile court file to be used

in the federal civil rights case.

¶ 7          The federal court ultimately granted summary judgment in favor of petitioner on

all of respondent's claims.  The Seventh Circuit Court of Appeals upheld summary judgment on

the federal claims but reversed the order dismissing the medical malpractice claim.  *Hahn v.

Walsh*, 762 F.3d 617, 633-35 (7th Cir. 2014).  The federal court declined to exercise

supplemental jurisdiction over the state law claims and dismissed the case.  Respondent filed her

medical malpractice claim in Champaign County case No. 15-L-184.

¶ 8          In March 2019, petitioner filed a petition for an amended special order permitting

the use of juvenile court records and other matters involving J.P.H. in the Champaign County

case.  Specifically, the petition sought an amendment to the 2011 order "to make explicit that the

very same records which could be used in the previous federal litigation may still be used in the

pending *state* litigation."  (Emphasis in original.)  In pertinent part, the petition stated as follows:

"Under the Juvenile Court Act of 1987, sealed juvenile court records may be obtained 'when their use is needed for good cause and with an order from the juvenile court.' 705 ILCS 405/1-8(A). The Act also states that 'juvenile court records . . . may be inspected by . . . properly interested persons by general or special order of the court.' 705 ILCS 405/1-8(A), *incorporating id.* § 405/5-901(5). Finally, the Act requires this Court to consider the minor's interest in confidentiality and rehabilitation over the requesting party's interest in obtaining the information. 705 ILCS 405/1-8(C)(0.3)."

Respondent's response in opposition to the petition for an amended special order argued petitioner seriously misstated the Act in violation of Rule 137. Respondent argued section 1-8 did not incorporate section 5-901 and section 1-8(A) did not authorize petitioner to inspect and copy juvenile court records.

¶ 9 In the reply brief, petitioner acknowledged the statute had been amended to change the standards for inspecting and copying juvenile court records. However, petitioner argued it was not seeking an order allowing for the inspection and copying of juvenile court records because petitioner already lawfully possessed the records under the court's 2011 order. Petitioner argued the standards for inspecting, copying, or obtaining the juvenile court records were not at issue because petitioner already lawfully possessed the records. Rather, petitioner sought an amendment to the 2011 order to reflect that respondent's lawsuit moved from federal court to state court and the juvenile court records could still be used in the pending Champaign County case.

¶ 10    In April 2019, the trial court entered an amended special order. In the amended order, the court found petitioner was a properly interested party with good cause to access the juvenile court records. The amended order found petitioner was allowed to inspect and copy certain juvenile court records related to J.P.H. under the 2011 order. The court further found petitioner "maintained a properly redacted and marked 'Confidential' copy of the records ***." Finally, the court concluded, "[p]etitioner may disclose and produce these maintained records *** in the pending state medical malpractice action ***."

¶ 11    In May 2019, respondent filed a motion for Rule 137 sanctions. In October 2019, the trial court denied the motion for sanctions.

¶ 12    This appeal followed.

¶ 13                               II. ANALYSIS

¶ 14    On appeal, respondent argues the trial court abused its discretion in denying the motion for Rule 137 sanctions. Specifically, respondent asserts petitioner violated Rule 137 in three ways: (1) counsel failed to inform the trial court that the applicable law from 2011 had substantially changed at the time he filed the petition for an amended order; (2) counsel quoted portions of article V of the Act that were not applicable to article II cases, using ellipses to omit relevant words; and (3) counsel represented section 1-8(A) incorporated section 5-901(5) (705 ILCS 405/1-8(a), 5-901(5) (West 2018)).

¶ 15    In part, Rule 137 provides as follows:

> "The signature of an attorney or party constitutes a certificate by
> him that he has read the pleading, motion or other document; that
> to the best of his knowledge, information, and belief formed after
> reasonable inquiry it is well grounded in fact and is warranted by

existing law or a good-faith argument for the extension,

modification, or reversal of existing law, and that it is not

interposed for any improper purpose, such as to harass or to cause

unnecessary delay or needless increase in the cost of litigation."

Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

The purpose of Rule 137 is to penalize a party bringing vexatious and harassing actions based on unsupported allegations of fact or law to prevent an abuse of the judicial process. *Fremarek v. John Hancock Mutual Life Insurance Co.*, 272 Ill. App. 3d 1067, 1074, 651 N.E.2d 601, 606 (1995). "It is not intended to simply penalize litigants for the lack of success; rather, its aim is to restrict litigants who plead frivolous or false matters without any basis in law." *Id.*

¶ 16 We review a trial court's denial of a motion for sanctions for an abuse of discretion. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16, 39 N.E.3d 992. "A court has abused its discretion when no reasonable person would agree with its decision." *Id.* While a trial court's decision is given considerable deference, the reviewing court may independently review the record for an abuse of discretion if warranted. *Baker v. Daniel S. Berger, Ltd.*, 323 Ill. App. 3d 956, 963, 753 N.E.2d 463, 469 (2001).

¶ 17 At issue in this case is the portion of the 2019 petition for an amended order that stated as follows:

"Under the Juvenile Court Act of 1987, sealed juvenile

court records may be obtained 'when their use is needed for good

cause and with an order from the juvenile court.' 705 ILCS 405/1-

8(A). The Act also states that 'juvenile court records . . . may be

inspected by . . . properly interested persons by general or special

order of the court.' 705 ILCS 405/1-8(A), *incorporating id.* § 405/5-901(5). Finally, the Act requires this Court to consider the minor's interest in confidentiality and rehabilitation over the requesting party's interest in obtaining the information. 705 ILCS 405/1-8(C)(0.3)."

¶ 18 In March 2019, the relevant language of section 1-8(A) of the Act stated as follows: "Sealed juvenile court records may be obtained only under this Section and Section 1-7 and Part 9 of Article V of this Act, when their use is needed for good cause and with an order from the juvenile court. Inspection and copying of juvenile court records relating to a minor who is the subject of a proceeding under this Act shall be restricted to" 12 enumerated categories of permissible individuals or circumstances. 705 ILCS 405/1-8(A) (West 2018). Section 5-901(5), which is part of article V of the Act applicable to delinquent minors, provides: "Except as otherwise provided in this subsection (5), juvenile court records shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of the court." 705 ILCS 405/5-901(5) (West 2018).

¶ 19 Respondent contends petitioner violated Rule 137 by (1) failing to inform the trial court the relevant law had substantially changed; (2) quoting portions of article V of the Act not applicable to article II cases, using ellipses to omit relevant words; and (3) indicating section 1-8(A) "incorporated" section 5-901(5) (705 ILCS 405/1-8(A), 5-901(5) (West 2018)). Petitioner acknowledges the law changed but argues the change was immaterial to the amended order it sought because petitioner previously inspected, copied, and obtained the relevant juvenile court records under the 2011 order. Petitioner argues the challenged paragraph from the petition for an

amended order cannot form the basis for Rule 137 sanctions because (1) petitioner did not seek any new records in the petition for an amended order and (2) the petition was not frivolous or filed for an improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

¶ 20    Our review of the record and the relevant statutes leads us to conclude the challenged paragraph of the petition for an amended order does not properly represent the standards for inspecting or copying juvenile court records at the time the petition was filed. It more closely represents the state of the law in 2011 when the trial court entered the initial special order allowing petitioner to inspect and copy portions of the juvenile court record. When petitioner initially sought to use the juvenile court records in 2011, the relevant statutory language read as follows: "Except as otherwise provided in this subsection (C), juvenile court records shall not be made available to the general public but may be inspected by representatives of agencies, associations and news media or other properly interested persons by general or special order of the court presiding over matters pursuant to this Act." 705 ILCS 405/1-8(C) (West 2010).

¶ 21    Although petitioner failed to accurately represent the state of the law regarding inspecting and copying juvenile court records in 2019, we conclude the trial court did not abuse its discretion in determining the state of the law in 2019 was immaterial to its ruling on the petition for an amended order. The petition for an amended order was not seeking to inspect or copy juvenile court records. Instead, the petition sought an amended order clarifying the use of records previously obtained under a proper court order in a state court action identical to the medical malpractice claim asserted in federal court. We agree with petitioner that no provision in the Act addresses this precise issue. Moreover, nothing in the Act requires the 2011 order be

relitigated under these circumstances. Indeed, respondent does not challenge the propriety of the 2011 order. In addition, respondent does not challenge the 2019 amended order. Respondent only challenges the court's denial of Rule 137 sanctions.

¶ 22    Both parties cite *People v. Stefanski*, 377 Ill. App. 3d 548, 551, 879 N.E.2d 1019, 1022 (2007) for the proposition that "sanctions may be granted under two different circumstances: (1) when a pleading, motion, or other paper is not 'well grounded in fact' or is not 'warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law,' or (2) when it is interposed for purposes such as to 'harass or to cause unnecessary delay or needless increase in the cost of litigation.' " Whether a pleading or other paper is interposed for an improper purpose requires a showing of subjective bad faith. *Id.* at 552. "[A]n objective determination of reasonableness under the circumstances applies when determining whether a filed paper is grounded in fact and warranted by existing law." *Id.*

¶ 23    Respondent argues petitioner's statement about section 1-8 incorporating section 5-901 was not warranted by existing law. Respondent argues petitioner should have admitted to the trial court that the Act had been amended such that it no longer allowed the inspection and copying of juvenile court records by other properly interested persons. However, respondent ignores the fact that petitioner already had the relevant portions of the juvenile court record and was not seeking further inspection of the juvenile court record. Respondent does not address this argument, which was the basis of the court's amended order on appeal. Even if a reasonable inquiry would have led to the discovery that the statute had been amended, that fact is irrelevant where the petition involved no argument regarding the amended statute. We conclude petitioner did not attempt to mislead the court into allowing it to inspect and copy the juvenile record because petitioner had already inspected, copied, and obtained portions of the record under the

2011 order. Petitioner, out of an abundance of caution, merely sought an amended order clarifying that the previously obtained juvenile records could be used in the state court action that arose out of the federal court action.

¶ 24　　　　　Under these circumstances, we cannot conclude the trial court abused its discretion in denying Rule 137 sanctions. Although petitioner did not accurately represent the standards for inspecting and copying juvenile court records as of the filing of the March 2019 petition for an amended order, this point of law was not at issue and was irrelevant to the remedy sought in the petition. Respondent raised the issue and pointed out subsequent amendments to the Act narrowed the circumstances in which a party could obtain the records. The trial court heard this argument and, in its discretion, declined to award sanctions. The court concluded petitioner already had the records and was not seeking to inspect or copy other juvenile court records. Petitioner merely sought an amended order that clarified the records obtained under the 2011 order could be used in a state court action identical to the medical malpractice claim in the federal court action. Accordingly, we conclude the court did not abuse its discretion in denying the motion for Rule 137 sanctions.

¶ 25　　　　　The parties also engage in what can only be described as bickering about an associate attorney who attended the hearing on the motion for sanctions. We decline to weigh in on this skirmish about the associate attorney who represented petitioner at the hearing as it has no bearing on the trial court's denial of Rule 137 sanctions. We further decline respondent's request for sanctions under Rule 375 on this point.

¶ 26　　　　　　　　　　　　III. CONCLUSION

¶ 27　　　　　For the reasons stated, we affirm the judgment of the trial court.

¶ 28　　　　　Affirmed.