2021 IL App (2d) 190809-U
No. 2-19-0809
Order filed November 24, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| REGINA CASSAVOY, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No.    13-L-268 |
| | ) | |
| TAYLOR N. HAAYER and ALLISON YAZEL, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| | ) | Thomas A. Meyer, |
| (Allison Yazel, Defendant-Appellee). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Trial court did not abuse its discretion in denying plaintiff's requests for sanctions concerning defendant's summary judgment motion and disclosures made pursuant to Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2018); plaintiff's request for costs for defendant's failure to admit certain facts was premature; and trial court did not abuse its discretion in denying plaintiff's request to have certain facts admitted.

¶ 2    Plaintiff, Regina Cassavoy, appeals a series of orders of the circuit court of McHenry County. Four orders concerned plaintiff's request for sanctions against defendant, Allison Yazel. An additional order concerned a discovery issue. For the reasons that follow, we affirm.

¶ 3    As an initial matter, we note that the parties have previously litigated the issue of jurisdiction in a series of motions before this court. They reiterate these arguments in their briefs for the purpose of preserving the issue for further review.  However, as we have already determined that we have jurisdiction over this appeal, we need not discuss the issue further here.[1]

¶ 4    Before proceeding further, we are compelled to note plaintiff's persistent failure to comply with Illinois Supreme Court Rule 341(eff. Oct 1, 2020).  Specifically, plaintiff repeatedly makes numerous factual allegations and references various documents without providing adequate record citations.  This violates Rule 341(h)(7), which requires that argument contain "citation of the authorities and the pages of the record relied on."  Plaintiff also neglects to provide pinpoint citation to numerous authorities, leaving the court to attempt to discern what portion of various opinions plaintiff intended to rely upon.  This is insufficient, for "[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).  The rules of our supreme court are not mere suggestions.  *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010).  Plaintiff's counsel would be well-advised to pay closer attention to them in the future.

¶ 5                                   I. BACKGROUND

---

[1] On October 30, 2019, this court granted defendant's motion to dismiss the appeal for lack of jurisdiction.  However, after granting plaintiff's motion to reconsider, we reversed our decision. On January 9, 2020, we denied defendant's the motion to dismiss the appeal, finding this court did, in fact, have jurisdiction because all of appellant's claims were based on the trial court's denial of Rule 137 sanctions which were final and appealable orders.

¶ 6     The instant appeal arises out of a case involving a 2011 four-car automobile accident. It was alleged that a vehicle driven by co-defendant, Taylor N. Haayer (Haayer is not a party to this appeal) collided with defendant's vehicle which, in turn, collided with a vehicle driven by plaintiff's husband in which plaintiff was a passenger. Plaintiff's vehicle was pushed into another vehicle. Plaintiff filed suit in 2013. During the course of discovery, plaintiff filed a request to deem certain facts admitted, which was denied. Plaintiff also filed a request to admit concerning certain medical bills. Defendant moved for summary judgment, and the trial court denied the motion. Subsequently, plaintiff settled with Haayer. Trial was scheduled to commence in May 2019. Plaintiff voluntarily dismissed the action two weeks prior to the trial date. Plaintiff then filed a number of motions for sanctions. The first was based on defendant's filing of a summary judgment motion. The second concerned plaintiff's Illinois Supreme Court Rule 213(f)(3) (eff. Jan. 1, 2018) disclosures regarding an expert witness. The third sought expenses plaintiff would incur in proving various medical charges were reasonable which plaintiff argued was necessitated by defendant's unreasonable refusal to admit their validity. The fourth also concerned Rule 213(f)(3) (eff. Jan. 1, 2018) disclosures regarding the same expert witness. We will discuss the relevant particulars of these motions as we analyze plaintiff's arguments. The trial court denied plaintiff's requests for sanctions. Plaintiff now appeals.

¶ 7                                          II. ANALYSIS

¶ 8     On appeal, plaintiff first argues that the trial court should have sanctioned defendant for filing a summary judgment motion where issues of material fact existed. Second, plaintiff contends that the trial court erred by failing to sanction defendant for its Rule 213(f)(3) disclosures that were allegedly false. Third, plaintiff asserts that the trial court should have deemed certain facts admitted by defendant. Fourth, plaintiff argues that defendant should be sanctioned for

causing plaintiff to incur fees by unreasonably failing to admit that certain medical bills were reasonable and necessary. Fifth, plaintiff seeks sanctions for defendant disclosing opinions beyond the qualifications of her expert.

¶ 9    We now turn to the merits of this appeal.

¶ 10                    A. SUMMARY-JUDGMENT MOTION

¶ 11   Plaintiff first contends that defendant should have been sanctioned in accordance with Rule 137 for filing a summary judgment motion that was not well founded in fact. Plaintiff suggests *de novo* review is appropriate because the trial court allegedly "ignor[ed] plaintiff's grounds for it" and because we review *de novo* interpretations of the rule (*People v. Stefanski*, 377 Ill. App. 3d 548, 550-51 (2007)). That the trial court did not agree with plaintiff's argument does not mean it ignored it, in fact, "[n]othing in the language of the rule implies that the court must also provide an explanation when it *denies* sanctions." (Emphasis in original.) *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 14. Further, we are not construing Rule 137 here. Accordingly, rather than conducting *de novo* review, we will apply the abuse of discretion standard. *Id.* ¶ 16 ("A circuit court's decision to deny a motion for sanctions is reviewed for abuse of discretion."). We will therefore reverse only if no reasonable person could agree with the trial court. *Id*.

¶ 12   Rule 137 provides, in pertinent part:

"The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to

cause unnecessary delay or needless increase in the cost of litigation." Illinois Supreme

Court Rule 137 (eff. Jan. 1, 2018).

The rule is penal in nature and is to be strictly construed. *Id.* at 475. However, it "does not authorize a trial court to impose sanctions for all acts of misconduct by a party or his attorney, only for the filing of pleadings, motions, or other papers in violation of the rule itself." *Id.* at 476.

¶ 13 In defendant's motion for summary judgment, she stated that her car came to a complete stop prior to the accident. Defendant cited the deposition testimony of plaintiff's husband that he saw defendant's car come to a complete stop and both he and defendant testified that defendant's car was stopped for 30 seconds before the accident. Plaintiff did not observe defendant's car prior to the crash; Haayer did not recall whether defendant's car had fully stopped. Defendant then asserted, "There has been no testimony offered by any witness that contradicts that [defendant] was stopped prior to the accident." From the fact that the car was stopped defendant concluded that there was no evidence that she was negligent.

¶ 14 Plaintiff asserts that defendant "concealed [co-defendant] Haayer's testimony which contradicted defendant Yazel's testimony." Plaintiff points to the following testimony by Haayer: "I was traveling down the road and she slammed on her breaks so I slammed on my breaks." While this would contradict testimony that defendant's car was stopped for 30 seconds, it does not preclude the possibility that defendant nevertheless brought her car to a complete stop prior to the collision. This would seem to be the salient fact in determining whether defendant was negligent. Plaintiff also points to testimony from plaintiff and her husband that they felt two impacts, from which, plaintiff argues, it could be inferred that defendant struck plaintiff first and then Haayer struck defendant's car. Defendant counters that because there was undisputed evidence that she had completely stopped, what plaintiff and her husband described as two impacts must have been

caused by something else. The trial court ultimately rejected defendant's arguments and determined that a genuine issue of material fact existed here.

¶ 15 Rule 137 "is designed to discourage frivolous filings, not to punish parties for making losing arguments." *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 15. Thus, the mere fact that the trial court ultimately disagreed with defendant did not mandate sanctions. Given that the testimony about two impacts only created a possibility of two collisions rather than establishing that defendant collided with plaintiff independently, the trial court determined that defendant's summary judgment motion was not frivolous or brought in bad faith.

¶ 16 We can disturb this decision only if no reasonable person could agree with the trial court. *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 16. Given the explanation provided by defendant regarding why she believed no issue of material fact existed, we must affirm the trial court's exercise of its discretion. It is undeniably true that even if defendant slammed on her breaks, she could have come to a complete stop nevertheless. Moreover, defendant's conclusion that undisputed evidence that defendant came to a full stop precluded an impact between defendant and plaintiff from causing the two impacts is not unreasonable. While it is true that the existence of two impacts allows an inference that defendant struck plaintiff's vehicle, we cannot say that no reasonable person could agree the summary judgment motion was not lacking a factual foundation or brought in bad faith.

¶ 17 Plaintiff repeatedly charges that defendant "concealed" the testimony of Haayer regarding slamming on brakes from the trial court. However, since this testimony does not actually contradict the proposition that defendant came to a full stop, it is unclear to us why defendant would have even regarded it as relevant and plaintiff cites nothing to impose such a duty in circumstances similar to these. Moreover, it is unclear what plaintiff means by conceal, for, as

defendant points out, a copy of Haayer's deposition was submitted along with her motion for summary judgment. Therefore, it was accessible to both the trial court and opposing counsel. In sum, we find this charge unpersuasive.

¶ 18     We also find it of no moment that defendant declined to withdraw the summary-judgment motion after plaintiff requested that she do so. Plaintiff based this request on the testimony of Haayer, plaintiff, and her husband described above. However, as noted, the trial court rejected those arguments and found the motion to be nonfrivolous. Hence, plaintiff essentially asks that defendant be sanctioned for failing to withdraw a nonfrivolous motion. Clearly, sanctions cannot rest on such a basis.

¶ 19     Plaintiff cites *Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir. 1988), in support of her position. In that case, the court recognized a duty on behalf of the proponent of a summary judgment motion to identify disputed issues of fact and bring them to the attention of the trial court. The court found a violation of that duty where the defendants were aware of such an issue but moved for summary judgment regardless. *Id*. at 650-51. *Goka* is distinguishable. First, defendant did mention the two-impacts testimony in the statement of undisputed fact section of her memorandum in support of her motion for summary judgment. Second, as noted, Haayer's testimony does not actually contradict the testimony that defendant's car came to a full stop. Thus, a reasonable person could conclude that defendant was not aware of an issue of material fact when she brought the motion.

¶ 20     In short, we find no abuse of discretion in the trial court's decision to deny plaintiff's request for sanctions based on defendant motion for summary judgment. Plaintiff reframes her argument in several ways; however, they all are based on the testimony discussed above and we find none of them persuasive.

¶ 21                    B. RULE 213(f) DISCLOSURES

¶ 22    Plaintiff next complains of two of the disclosed bases for the opinions of defendant's expert, Dr. Alvin Kanter (an orthopedic surgeon). Plaintiff relies on both Rule 137 and Illinois Supreme Court Rule 219 (eff. July 1, 2002) in advancing this issue. As this is a discovery matter, Rule 219 applies. See *Kellett v. Roberts*, 276 Ill. App. 3d 164, 174 (1995). As noted, the abuse-of-discretion standard applies when Rule 137 is at issue. *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 16. Whether to impose sanctions pursuant to Rule 219 is a decision that will be disturbed only if a clear abuse of discretion exists. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 120 (1998). Hence, we can reverse this decision only if no reasonable person could agree with the trial court. *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 16.

¶ 23    Kanter was to opine that two surgeries plaintiff underwent and a third she needed were not caused by the automobile accident at issue in this case. The two bases plaintiff finds objectionable are (1) that medical records indicate that plaintiff did not complain of left shoulder pain until several weeks after the accident and (2) that plaintiff had a preexisting left shoulder problem. Defendant contends that both propositions are false, plaintiff knew this, and the disclosure was therefore not well grounded in fact.

¶ 24    The trial court denied plaintiff's request for sanctions. It noted that defects in the basis of an expert's opinion were matters for cross-examination and impeachment. The remedy, continued the trial court, was "in the hands of the jury because they're going to have to weigh the [case]" (plaintiff disingenuously claims that the trial court ruled that whether defendant should be sanctioned was a question for the jury). It concluded that such conduct was not sanctionable. It would be difficult to conclude that no reasonable person could agree with the trial court that these disclosures, even if not accurate, were not so egregious that they should be addressed through sanctions rather than cross-examination. Any defects in the bases of an expert's opinion are

typically matters affecting the weight to be given the opinion rather than its admissibility. *Snelson v. Kamm*, 204 Ill. 2d 1, 26-27 (2003). Thus, the trial court's ruling comports with the law. Moreover, plaintiff provides no caselaw finding an abuse of discretion in similar circumstances.

¶ 25 The cases plaintiff does cite are not on point. For example, she cites *Cretton v. Protestant Memorial Medical Center, Inc.*, 371 Ill. App. 3d 841, 869 (2007), *Martzaklis v. 5559 Belmont Corp.*, 157 Ill. App. 3d 731, 738 (1987), and *Transamerica Insurance Group v. Lee*, 164 Ill. App. 3d 945, 950 (1987), all of which involved affirmances of a trial court's decision to impose sanctions. As such, they simply confirm the discretion a trial court has in these matters and provide little guidance regarding whether that discretion was abused.

¶ 26 Plaintiff asserts that because she called the purported defects in these disclosures to the attention of defendant's counsel, they should have been recalled. To substantiate this claim, she provides a record citation of "C917-1045," or 128 pages of the record. It is well established that "[a] reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research [citation]; it is neither the function nor the obligation of this court to act as an advocate or search the record for error [citation]." *Obert*, 253 Ill. App. 3d at 682. Providing such record support for one's claims falls far short of this standard and would justify finding that plaintiff forfeited this argument. *Id.* In any event, we find unpersuasive the notion that because plaintiff called these purported errors to defendant's attention, the trial court's determination that cross-examination provided an adequate remedy was an abuse of discretion.

¶ 27 Plaintiff discusses in detail Kanter's deposition in places where he asserts it is in conflict with the Rule 213(f) disclosures. This certainly provides impeachment material, but does nothing to establish that no reasonable person could agree with the trial court that cross-examination is an

adequate remedy. Similarly, plaintiff details Kanter's testimony about her treatment regarding a possible preexisting condition and notes many contradictions. However, plaintiff again fails to explain why her ability to cross-examine Kanter is insufficient. Plaintiff postulates, "Unless this Court reverses the Circuit Court, parties will be encouraged to conjure up falsifications, and then, render disclosures based upon those falsifications, knowing that they won't be sanctioned for such abuse." We find this a very remote possibility. First, nothing in our holding would preclude a trial court from—where it deemed it appropriate in its discretion—imposing sanctions. Second, a case built on such a house of cards would easily be dismantled during cross-examination.

¶ 28    In her reply brief, plaintiff cites *Prairie v. Snow Valley Health Resources, Inc.*, 324 Ill. App. 3d 568 (2001). In that case, an expert's trial testimony varied substantially from his deposition testimony. *Id.* at 573. The defendant argued that the proper remedy was to impeach the expert at trial. *Id.* at 578. This court rejected the defendant's argument that the failure to attempt impeachment waived the issue. *Id.* at 579. This is not analogous to the situation in the instant case. Kanter was not yet testifying at trial, so plaintiff wound not be surprised by his trial testimony during trial. More importantly, the possibility exists that plaintiff could successfully move to bar his testimony. *People v. Bush*, 214 Ill. 2d 318, 333 (2005) ("No one disputes that the admission of an expert's testimony requires an adequate foundation establishing that the information upon which the expert bases his opinion is reliable."). Such an opportunity had passed for the plaintiff in *Prairie*. Thus, that case is distinguishable.

¶ 29    To conclude, plaintiff has failed to establish that the trial court abused its discretion.

¶ 30                    C. REQUESTS TO ADMIT

¶ 31    Plaintiff next asserts that the trial court erred in denying her request to have certain facts admitted. Her requests concerned medical bills and asked that defendant admit that they were

causally related to the accident at issue here, that they constituted reasonable and necessary treatments, and that the charges were reasonable and fair. Plaintiff further requested that defendant admit that, as a direct result of the accident, plaintiff incurred $49,716 in expenses. A trial court has wide discretion regarding requests to admit. *Turner Investors v. Pirkl*, 338 Ill. App. 3d 676, 686 (2003). Consequently, we will reverse only if an abuse of discretion occurred. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 354 (2007). An abuse of discretion transpires only if no reasonable person could agree with the trial court. *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 16.

¶ 32    Before proceeding further, we note that defendant asserts that we lack jurisdiction over plaintiff's third issue. An order that is neither listed in the notice of appeal nor a step in the procedural progression to such an order is beyond the jurisdiction of a reviewing court. *McGath v. Price*, 342 Ill. App. 3d 19, 33 (2003). Plaintiff's notice of appeal states:

> "The plaintiff appeals all of the underlying orders of the Circuit Court, seeking the Illinois Appellate Court to reverse them. Such orders include, but are not limited to, the Circuit Court denying the plaintiff's motions (1) for Rule 137, 219 sanctions for Yazel's disclosures relating to (A) low impact not causing plaintiff's injuries etc., (B) medical charges, (C) plaintiff did not complain of left shoulder until weeks after, etc. on 15 August 2019, (2) to reconsider on 7 June 2019, (3) for sanctions relating to summary judgment on 16 May 2019."

The order at issue is dated July 12, 2017. Nowhere does the notice of appeal mention the denial by the trial court of plaintiff's request to deem certain facts admitted.

¶ 33    Plaintiff asserts that the order concerning the requests to admit was in the procedural progression to orders listed in her notice of appeal. She reasons that since they asked defendant to

admit causation, if they had been deemed admitted, her motions for discovery-related sanctions "would have been unnecessary." This is because the issues to which that discovery and disclosures pertained (or at least some of them) would have been resolved. Since a notice of appeal must be construed liberally, *People v. Smith*, 228 Ill. 2d 95, 104 (2008), we agree that there is a sufficient relationship between the order of July 12, 2017, to confer jurisdiction over this issue.

¶ 34    On the merits, plaintiff first notes that defendant did not provide a formal response to her requests to admit pursuant to Illinois Supreme Court Rule 216(c) (eff. July 1, 2014). Instead, defendant simply sent a letter (the letter did set forth objections and reasons why defendant could not respond to plaintiff's requests). This is permissible. In *La Salle National Bank of Chicago v. Akande*, 235 Ill. App. 3d 53, 66 (1992), this court held, "[W]e agree with [the] defendant that his attorney's letter to [the] plaintiffs' counsel constituted an objection within the meaning of Rule 216(c)." The trial court, citing *La Salle*, expressly found defendant's letter an adequate response. Therefore, this was not error. There are minor differences in the procedural posture of *La Salle* and this case. In *La Salle*, the plaintiff did not file a motion to have the requests deemed admitted; in this case, plaintiff did. However, on the threshold question of whether it was permissible for the trial court to accept defendant's letter as a sufficient response, the plain language of *La Salle* cited above controls.

¶ 35    Plaintiff takes issue with the sufficiency of defendant's response. She cites *Oelze v. Score Sports Venture, LLC*, 401 Ill. App. 3d 110 (2010), and *Szczeblewski v. Gossett*, 342 Ill. App. 3d 344 (2003), where the courts held "a party has a good-faith obligation to make a reasonable effort to secure answers to requests to admit from persons or documents within the responding party's reasonable control." Here, the trial court found defendant met this standard. It found that defendant "provided the specific reasons why they were unable to respond at this time" and stated

that they would have to re-depose a witness to comply (defendant was later able to answer without deposing the witness after she had access to other records). The trial court added that, at the time defendant interposed the objections, defendant "could have in good faith simply denied, based on the information that was in their possession." Plaintiff fails to raise anything that would lead us to conclude that the trial court abused its discretion here.

¶ 36    Plaintiff points out that though the trial court denied its motion to deem certain facts admitted, it stated that defendant still had to respond to plaintiff's requests to admit. Plaintiff states that defendant never answered these requests. Defendant objected to the requests as being imprecise as plaintiff grouped 60 pages of medical bills into each single request. Plaintiff filed another motion to deem facts admitted, and the trial court denied it. The trial court, *sua sponte* according to plaintiff, struck her request to admit due to her failure to adequately attach or reference the medical bills that were the objects of the requests. Plaintiff sought and was granted leave to resubmit her requests. Plaintiff complains that the trial court stepped into the role of advocate when it struck her requests.[2] See *People v. Jackson*, 409 Ill. App. 3d 631, 647 (2011). However, a trial court has inherent authority to manage its docket (*Dolan v. O'Callaghan*, 2012 IL App (1st) 111505, ¶ 65) and "all aspects of a trial" (*People v. McKinley*, 2017 IL App (3d)

---

[1] Defendant asserts this argument is waived as plaintiff failed to raise it before the trial court. *Marsh v. Sandstone North, LLC*, 2020 IL App (4th). In her reply brief, plaintiff counters that she could not have anticipated that the trial court would raise the issue *sua sponte*. However, this issue was argued before the trial court after it was raised, and plaintiff had an opportunity to object. Nevertheless, waiver and forfeiture are prerogatives of the court, and we elect to address this issue. *City of Wyoming v. Liquor Control Comm'n of Illinois*, 48 Ill. App. 3d 404, 407 (1977).

140752, ¶ 23). The trial court's concern was with how it would convey such a blanket admission to the jury. Striking plaintiff's request was well within its discretion. See *Bright v. Dicke*, 260 Ill. App. 3d 768, 769 (1994). Moreover, plaintiff was given leave to file a proper request, so no prejudice accrued to plaintiff here. See *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 501-02 (1998).

¶ 37 Regarding a separate request to admit dated April 23, 2014, plaintiff argues that the trial court erred by striking it *sua sponte*. Plaintiff complains that the trial court adopted the role of advocate, which is improper. *Jackson*, 409 Ill. App. 3d at 647. However, the reason the trial court stuck the request was that plaintiff failed to adequately itemize the medical bills to which the request pertained. It found the request was vague and that it would be impossible for the court to adequately convey the admission to the jury. As explained above, this was a proper exercise of the trial court's authority to manage a case before it. *McKinley*, 2017 IL App (3d) 140752, ¶ 23. Plaintiff was given leave to resubmit the request, but again failed to sufficiently itemize the medical bills.

¶ 38 Plaintiff cites *McGrath v. Botsford*, 405 Ill. App. 3d 781, 790 (2010), where this court reversed a trial court's denial of a petition for attorney fees where the trial court erroneously concluded that the movant had to show an intent to obstruct the proceedings in the opponents' response to requests to admit. This has no apparent application to the instant case. Moreover, *McGrath* involved a posttrial fee petition under Illinois Supreme Court Rule 219(b) (eff. July 1, 2002). Thus, unlike the present case, the issue of how an admission would be communicated to a jury was not present. In other words, *McGrath* is distinguishable.

¶ 39 To conclude this section, plaintiff has not carried her burden of showing that the trial court abused its discretion here.

¶ 40                    D. REQUESTS TO ADMIT—SANCTIONS

¶ 41    Plaintiff next asserts that the trial court erred by denying her request for expenses incurred

in proving facts that defendant unreasonably refused to admit.  Illinois Supreme Court Rule 219(b)

(eff. July 1, 2002) states:

> "If a party, after being served with a request to admit the genuineness of any documents or
>
> the truth of any matters of fact, serves a sworn denial thereof, and if the party requesting
>
> the admissions thereafter proves the genuineness of the document or the truth of the matter
>
> of fact, the requesting party may apply to the court for an order requiring the other party to
>
> pay the requesting party the reasonable expenses incurred in making the proof, including
>
> reasonable attorney's fees.  Unless the court finds that there were good reasons for the
>
> denial or that the admissions sought were of no substantial importance, the order shall be
>
> made."

Plaintiff asserts that she is entitled to the costs of deposing Kanter, as she allegedly would not have

to have done so had defendant responded affirmatively to her requests to admit.

¶ 42    The trial court found that it could not award such expenses "until the jury determines that

[plaintiff is] entitled to the damages associated with that evidence that [plaintiff] had to incur the

expense of proving up."  The trial court was correct.  By the plain language of the rule, a party is

only entitled to fees after the party "proves the genuineness of the document or the truth of the

matter of fact."  No trial has occurred in this case.  Merely deposing Kanter does not "prove the

genuineness of the document or the truth of the matter of fact."  Hence, plaintiff's request for

expenses was premature.

¶ 43    Plaintiff cites *Malin v. Hospira, Inc.*, 762 F.2d 552, 564-65 (2014), for the proposition that

the trial court could award fees even if plaintiff did not prevail at trial if the request concerns

something that should have been undisputed. *Malin* cites a federal statute titled "Counsel's Liability For Excessive Costs." 28 U.S.C. § 1927 (2018). The statute contains no language similar to Rule 219(b) that requires a party to "proves the genuineness of the document or the truth of the matter of fact." *Id.* In other words, the statute at issue in *Malin* contains no condition that would limit its application to posttrial proceedings. *Malin* provides no guidance here.

¶ 44 Plaintiff seeks to invoke Illinois Supreme Court Rule 219(c) (eff. July 1, 2002) in support of this argument—a more general statute covering discovery violations. It is axiomatic that a more specific statutory provision controls over a more general one. *Knolls Condominium Ass'n v. Harms*, 202 Ill. 2d 450, 459 (2002). Here, Rule 219(b) specifically addresses unreasonable refusals to admit facts. Therefore, plaintiff's remedy lies with it rather than the more general Rule 219(c). Similarly, "as a general sanction provision, Rule 137 is not properly used to sanction conduct such as discovery violations where other more specific sanction rules apply." *Adler*, 271 Ill. App. 3d at 476.

¶ 45 In sum, plaintiff's request for these expenses was premature.

¶ 46 E. ADDITIONAL RULE 213(f) DISCLOSURES

¶ 47 Plaintiff next argues that two additional Rule 213(f) disclosures violate Rule 137 or Rule 219. Specifically, plaintiff complains that defendant disclosed that Kanter would opine regarding the accident having been a low impact unlikely to cause injury and that stress and a desire for secondary gain caused plaintiff to magnify her symptoms. The trial court expressed its doubt that Kanter, who is not a biomechanical engineer, was qualified to render the former opinion. It also stated that a motivation for secondary gain (*i.e.*, money) on the part of a plaintiff could most likely be evaluated by a jury without the aid of expert testimony, though it stated it would entertain argument on the issue. The trial court then ruled that the proper remedy where a party proffers an

expert who is unqualified is a motion to bar the testimony. We review this determination for an abuse of discretion. *Lake Environmental, Inc.*, 2015 IL 118110, ¶ 16 (Rule 137); *Shimanovsky*, 181 Ill. 2d at 120 (Rule 219). An abuse of discretion occurs only if no reasonable person could agree with the trial court. *Id.*

¶ 48    As noted, under Rule 137, a document must be "well grounded in fact and [] warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law." Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). Pursuant to Rule 219(c), a party who unreasonably fails to comply with the rules concerning, *inter alia*, discovery may be sanctioned.

¶ 49    Here, plaintiff asked whether Kanter had anything in his background related to biomechanics and the causation of injuries. He replied that this is what orthopedics deals with. Further, in rendering his opinion regarding the accident being unlikely to cause injury, Kanter relied on a European study of accidents. When asked about his qualifications to render an opinion about plaintiff's stress causing symptom magnification, Kanter cited his "years of orthopedic practice, and an astuteness in picking it up." Of course, an expert may be qualified by experience rather than formal training. *Thompson v. Gordon*, 221 Ill. 2d 414, 428-29 (2006). Kanter has a minor in psychology, and he noted that a physical therapist observed that a stressful drive made plaintiff's pain worse. Thus, it is simply not the case that there was no basis to conclude that Kanter might be qualified and have a foundation to render these opinions.

¶ 50    Plaintiff attempts to undermine Kanter's qualifications and the bases for his opinions. For example, plaintiff asserts that the European study assessed crashes in a different factual context. Plaintiff cites *Rockett v. Chevrolet Motors Division, General Motors Corp.*, 31 Ill. App. 3d 217, 225-26 (1975), for the proposition that similar facts must underlie an experiment relative to the case to which it is said to be relevant. However, *Rockett* did not involve sanctions; rather, the issue

was whether the trial court abused its discretion in excluding certain scientific evidence. *Id*. at 225. The *Rockett* court noted the broad discretion trial courts have in such matters. *Id*. Given this discretion, we see nothing sanctionable about a party seeking a ruling from a trial court regarding whether an expert opinion is admissible. This is particularly true since a defect in the basis of an expert's opinion is generally a matter of weight rather than admissibility. See *e.g.*, *Snelson*, 204 Ill. 2d at 26-27; *In re Commitment of Sandry*, 367 Ill. App. 3d 949, 977 (2006); *Marchese v. Vincelette*, 261 Ill. App. 3d 520, 526 (1994); *People v. Johnigk*, 111 Ill. App. 3d 941, 943 (1982).

¶ 51    Plaintiff also cites *Jines v. Greyhound Corp.*, 33 Ill. 2d 83 (1965), which like, *Rockett*, concerns the admissibility of an opinion rather than sanctions and similarly provides only tangential guidance. The same is true of plaintiff's citations to *Martin v. Sally*, 341 Ill. App. 3d 308 (2003); *Smelser v. Norfolk Southern Ry. Co.*, 105 F.3d 299 (6th Cir.1997); 475 S.E.2d 261 (Va. 1996); and *Eskin v. Carden*, 842 A.2d 1222 (De. 2004). In fact, plaintiff calls our attention to no case where sanctions were imposed because the opinion of a party's expert witness ultimately turned out to be inadmissible. Indeed, a number of the cases cited by plaintiff hold various expert opinions inadmissible but none impose sanctions.

¶ 52    Defendant asserts that expert opinions cannot be based on speculation. She cites *Reed v. Jackson*, 325 Ill. App. 3d 835, 844 (2001), which holds, "Experts cannot base opinions on what may have occurred or what the expert believed might have happened in a particular case." This is undoubtedly true; however, that the trial court's conclusion that barring the testimony was an adequate remedy was erroneous does not automatically follow from this proposition.

¶ 53    Plaintiff complains of Kanter's reliance on a photograph of the accident. This has been held problematic in some circumstances. See *Whiting v. Coultrip*, 324 Ill. App. 3d 161, 168 (2001). It has been sanctioned in others. See *Hye Ra Han v. Holloway*, 408 Ill. App. 3d 387, 394-

95 (2011). Given the conflicting case law, there was nothing unreasonable about defendant offering the evidence and securing a ruling from the trial court on this issue.

¶ 54 Plaintiff asserts that it was sanctionable for Kanter to opine that stress magnified plaintiff's symptoms. As noted above, Kanter has a minor in psychology and a physical therapist reported that plaintiff's pain was exacerbated by stress in one instance. He also relied on his work experience here. Plaintiff contends that the report of the physical therapist was hearsay; however experts may rely on hearsay evidence (*In re Schaap*, 274 Ill. App. 3d 497, 502 (1995)). Again, it was not unreasonable for defendant to present this testimony to the trial court and allow it to determine its admissibility (if plaintiff objected).

¶ 55 As for Kanter's opinion regarding secondary gain, the trial court expressed skepticism that such testimony was admissible. However, it expressly refrained from ruling at this time and declined to impose sanctions. Again, we cannot say that no reasonable person could agree with the trial court that exclusion is an adequate remedy.

¶ 56 For us to reverse here, plaintiff would have to convince us that the trial court abused its discretion in finding that the proper remedy if Kanter's opinions were determined to lack an adequate foundation would be to bar the opinions. Since there were some facts, as explained above, that would support an inference that his opinions were admissible and since Kanter had arguable expertise, we cannot say that no reasonable person could agree with the trial court on this point.

¶ 57                                III. CONCLUSION

¶ 58 In light of the foregoing, the judgment of the circuit court of McHenry County is affirmed.

¶ 59 Affirmed.